[661 NYS2d 341]

In the Matter of CAROL T. BLAKE, as Commissioner of Orleans County Department of Social Services, on Behalf of KIM ASHLEY and WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant, v FREDDIE SYCK, Respondent.

Fourth Department, July 3, 1997

APPEARANCES OF COUNSEL

*Tyson Blue,* Lyons, for Wayne County Department of Social Services, appellant.

*Sanford Church,* Albion, for respondent.

## OPINION OF THE COURT

BOEHM, J.

Wayne County Department of Social Services (Wayne County DSS) appeals from an order of Orleans County Family Court reducing respondent's child support arrears to $500 pursuant to Family Court Act § 413 (1) (g). The order should be affirmed.

In 1988, Orleans County Department of Social Services (Orleans County DSS) obtained, by default, a child support order requiring respondent to pay $84.93 per week for the support of his two children. In 1989, Orleans County DSS filed a child support violation petition and, after a hearing, Family Court determined that respondent owed arrears of $4,246.50. Shortly thereafter, respondent's wife, Kim Ashley, obtained a default divorce from respondent. The judgment of divorce "continued" the child support order.

In January 1991, respondent applied for Social Security Income (SSI) and disability insurance benefits, alleging that he had been disabled since May 1, 1987. In July 1991, his application was denied. Thereafter, in February 1992, a DSS disability review team issued a report stating that respondent suffered from "Dysthymia Disorder and Schizotypal Personality Disorder". Respondent, with the aid of counsel, reapplied for SSI and disability insurance benefits and requested a hearing. Respondent's 1991 application was reopened and, in April 1994, a Department of Health and Human Services Administrative Law Judge determined that, based upon his lengthy history of "severe mental impairments," respondent had been disabled from gainful employment since May 1, 1987. Respondent was awarded approximately $40,000 and each of the two children was awarded $11,000 in retroactive disability payments.

On June 22, 1994, respondent, *pro se,* filed a child support modification petition, alleging that he had not been employed since May 1, 1987, and that he had failed to make an earlier application for a downward modification because of his mental disability. It is uncontested that respondent received public as-

sistance from June 1, 1992 through June 15, 1994, and that, from March 2, 1990 to December 12, 1992, respondent was either receiving public assistance or living with family members doing odd jobs that paid, at most, $60 per week. Family Court granted the petition and terminated respondent's current child support obligation.

Respondent's children had also been receiving public assistance from Wayne County DSS from March 2, 1990 through December 12, 1992, and had been placed in foster care in Wayne County from January 3, 1994 through June 22, 1994. Respondent's child support arrears for those periods amount to $12,469.64. In September 1994, Orleans County DSS, on behalf of itself, Wayne County DSS and Ashley, filed a petition seeking to enforce the 1988 child support order. Ashley and Orleans County DSS settled their claims with respondent. In its submission to the Hearing Examiner, Wayne County DSS contended that respondent's $40,000 retroactive disability payment should be considered in determining respondent's economic status during the period for which Wayne County DSS sought payment of child support. In authorizing judgment in favor of Wayne County DSS in the amount of $9,871.34 ($12,469.64 less $2,598.30 already collected from respondent), the Hearing Examiner relied, in part, on respondent's receipt of the $40,000 disability payment. Thereafter, Family Court granted respondent's objections to the Hearing Examiner's decision and reduced the child support arrears to $500, pursuant to Family Court Act § 413 (1) (g).

We reject the contention of Wayne County DSS that Family Court Act § 451 precludes the reduction of respondent's child support obligation. Section 451 provides that Family Court has continuing jurisdiction over support proceedings "and may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." By contrast, Family Court Act § 413 (1) (g) provides that, where a "non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue" (see, Matter of Edwards v Johnson [appeal No. 1], 233 AD2d 884; Matter of Beaudoin [Michelle J.] v Joseph K., 165 AD2d 359, 360).

To improve child support enforcement and to comply with the Federal Child Support Enforcement Amendments of 1984 (42 USC § 651 *et seq.*), section 451 was amended in 1986 to preclude forgiveness of child support arrears or the retroactive modification of child support (*see, Matter of Commissioner of Social Servs. of City of N. Y. [Gomez] v Gomez*, 221 AD2d 39, 41-42). Nevertheless, forgiveness was permitted in some cases where a strict application of section 451 would result in " 'grievous injustice' " (*Matter of Reynolds v Oster*, 192 AD2d 794, 795, quoting Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 451, 1993 Pocket Part, at 95) or where it was impossible to pay child support or to move for relief from the support order (*see, Matter of Commissioner of Social Servs. [Grant] v Grant*, 154 Misc 2d 571, 573-574). However, the Court of Appeals has recently called into question those exceptions by holding that the New York State Support Enforcement Acts of 1986 and 1987 (L 1986, ch 892; L 1987, ch 815) create an enforcement scheme under which " '[n]o excuses at all are tolerated with respect to child support' " (*Matter of Dox v Tynon*, 90 NY2d 166, 173-174, quoting Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 752; *see*, Family Ct Act §§ 451, 460 [1]).

We do not rely, however, upon any exception to section 451 in holding that, in the circumstances here, Family Court § 413 (1) (g) controls. Respondent's income never exceeded the poverty income guidelines; therefore, child support arrears could not exceed $500 (*see*, Family Ct Act § 413 [1] [g]; *Matter of Onondaga County Commr. of Social Servs. [Chakamda G.] v Joe W. C.*, 233 AD2d 908; *see also, Matter of Commissioner of Social Servs. [L. W.] v R. D. W.*, 160 Misc 2d 836, 839-840). Logically, if arrears may not exceed $500, then they may not accrue in excess of that amount. Thus, the prohibition against reduction of accrued child support arrears contained in section 451 was not triggered because there were no accrued arrears in excess of $500 to reduce.

Finally, we reject the contention of Wayne County DSS that the receipt of approximately $40,000 in retroactive disability payments made respondent responsible for child support for the period covered by the disability award. Although disability benefits are regarded as income for the purpose of computing child support (*see*, Family Ct Act § 413 [1] [b] [5] [iii] [B]), it does not appear that the award, divided by the number of weeks in

the period for which the award was made, brought respondent over the poverty income guidelines amount established by the Federal Department of Health and Human Services (*see*, Family Ct Act § 413 [1] [g]). In making that calculation, we have taken judicial notice of the Child Support Standards Chart prepared by the New York State Department of Social Services, Office of Child Support Enforcement (*see*, Fisch, New York Evidence §§ 1049, 1063 [2d ed]).

Accordingly, the order should be affirmed.

LAWTON, J. P., CALLAHAN, DOERR and BALIO JJ., concur.

Order unanimously affirmed, without costs.