In the Matter of HELEN OSMUNDSON, Respondent, v MARK L. OSMUNDSON, Appellant. [669 NYS2d 994] —Order unanimously affirmed without costs. Memorandum: Respondent appeals pro se from an order of Family Court that reduced his current child support obligation to zero, effective the date of filing of his child support modification petition, and awarded petitioner the sum of $3,471 for child support arrears that had accrued pursuant to a temporary order of Supreme Court and a judgment of divorce. The issues raised by respondent on appeal with respect to the judgment of divorce are not before us because there is no appeal pending from that judgment.

We reject the contention of respondent that child support arrears could not have accrued in excess of $500 pursuant to Family Court Act § 413 (1) (g). Supreme Court's temporary order, dated June 8, 1995, directed respondent to pay $87 per week for the support of his three children. At that time, he was receiving unemployment benefits of $300 per week. The judgment of divorce, entered either April 18 or May 6, 1996, "continued" that level of support. Immediately thereafter, petitioner filed a petition in Family Court to enforce the child support obligation in the temporary order and the judgment of divorce. Approximately three weeks later, respondent filed his successful petition to modify the judgment of divorce by reducing his support obligation to zero based upon a change of circumstances, namely, that he was receiving public assistance. At a hearing before a Hearing Examiner, respondent testified that he was then on public assistance. He offered no proof concerning when he went on public assistance or his financial status during the time that he sought to have his support arrears cancelled, although he repeatedly referred to the $500 limit of arrears under Family Court Act § 413 (1) (g). More-

over, he admitted that he paid no child support after July 26, 1995, although he concededly continued to receive $300 per week in unemployment benefits until his incarceration, on September 13, 1995, for violating an order of protection. Thus, more than $500 had properly accrued as of the date of respondent's incarceration, and Family Court Act § 413 (1) (g) does not apply (*cf., Matter of Blake v Syck,* 230 AD2d 596, *lv denied* 90 NY2d 811).

Pursuant to Family Court Act § 451, Family Court could not reduce or annul the child support arrears that accrued before respondent filed his modification petition. To the extent that Family Court Act § 461 (b) (ii) may be read to authorize Family Court to modify a temporary order of Supreme Court, it nonetheless does not authorize the court to reduce or annul child support arrears that accrued before modification was sought (*see,* Domestic Relations Law § 244; Family Ct Act § 451).

The contention of respondent that he is entitled to an award of support from petitioner during the time that he exercises visitation with the children is premature because the record establishes that, at the time of the hearing, respondent had no visitation. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Support.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.