■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of LISA CAMPOS, Respondent, v JOSE CAMPOS, Appellant. [737 NYS2d 341] —Order, Family Court, New York County (George Jurow, J.), entered on or about October 14, 1998, which denied respondent's objections and confirmed the order of the Hearing Examiner setting the amount of arrears in child support at $23,310, unanimously reversed, on the law and the facts, without costs or disbursements, the objections sustained, and the matter remitted for a new determination of arrears not inconsistent herewith.

On or about January 9, 1991, an order of support was entered on default against respondent father. Respondent had earlier filed an affidavit indicating that as of July 25, 1990, he was unemployed but was providing financial support to his two children in the sum of $50 each per week. Indeed, during the proceeding, the Hearing Examiner had made findings that respondent "unemployed—claims had a DRUG problem—left job—and tried to return and not accepted—claims can't READ and/or WRITE—doesn't have 1989 Income Tax." Notwithstanding, when neither respondent nor his wife appeared in court on January 9, 1991, after a final adjournment, the Hearing Examiner entered a support order in the sum of $126 per week and fixed arrears at $6,174.

Approximately five years later, on January 29, 1996, respondent filed a petition to vacate the support order and adjust his arrears. By order of February 23, 1996, a Hearing Examiner vacated the support order, effective January 16, 1996, because respondent had been receiving SSI benefits and, on January 16, 1996, had been placed on his wife's public assistance budget. The Hearing Examiner terminated the child support, "effective back to" January 16, 1996. The Hearing Examiner then set the arrears at $38,438. On September 15, 1997, respondent filed another petition seeking an adjustment of his arrears, arguing that, partially because of his illiteracy and also because he was "under psychiatric care," he had been unemployed since 1990. The Hearing Examiner, finding that the prior order was res judicata, denied the petition but without prejudice to the filing of a new motion to vacate. Respondent filed such a motion on October 17, 1997, stressing that he was unable to work from 1990 through 1997, and referred the court to a letter from his psychiatric social worker at Albert Einstein Hospital documenting his psychosis. His employment records, which were part of the record, showed that in 1990 respondent was receiving $187 weekly in unemployment benefits. On January 23, 1998 the Hearing Examiner denied the motion to vacate

the February 23, 1996 arrears order because of respondent's failure to file objections to it.

Respondent filed objections to the January 23, 1998 order on February 19, 1998, alleging that he had been unemployed since 1990, that his aunt had supported him until 1993 and that he was a recipient of SSI benefits. By decision dated May 7, 1998, Family Court sustained respondent's objections, finding that the Hearing Examiner erred in his application of Family Court Act § 451 to deny relief to respondent and in his failure to take into account the period of time that respondent was on public assistance. At a subsequent hearing, the Hearing Examiner recomputed the arrears to include only the period before October 5, 1993, when respondent was notified of his SSI entitlement and recalculated past due child support between March 16, 1990 and October 5, 1993 at $123 per week for a total amount of $23,310. In an order entered on or about October 14, 1998, Family Court found that the Hearing Examiner properly reduced the arrears to $23,310. Respondent appeals. We reverse.

Family Court Act § 413 (1) (g), which is part of the Child Support Standards Act (CSSA) (L 1989, ch 567), enacted in 1989 by the State Legislature pursuant to the enabling United States Family Support Act (42 USC § 667 [a]), provides, in pertinent part, "Where the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue." One of CSSA's underlying purposes is to ensure that parents with sufficient means or the ability to acquire such means be required to pay child support pursuant to the established guidelines. (Family Ct Act § 413 [1] [a].) Here, the Hearing Examiner failed to determine whether respondent had sufficient means to pay child support. The Hearing Examiner should have explored whether respondent's income from March 16, 1990, when the support petition was filed, to October 5, 1993, the date respondent was notified of his SSI entitlement, was less than or equal to the poverty income guidelines as dictated by Family Court Act § 413 (1) (g). There is no evidence that, during that period, respondent had any income or property exceeding the poverty income guidelines. Indeed, the record shows that in his objection seeking a vacatur of arrears, respondent asserted that "[p]rior to his SSI benefits he received Public Assistance" and that payment of this assistance "was made by SSI Retro check to pay back total $2,826.77." That this alleged public assistance did

not constitute "SSI benefits" is not dispositive since " '[i]income', defined at section 413 (1) (b) (5), does not include public assistance" (*Matter of Rose [Clancy] v Moody*, 83 NY2d 65, 70, *cert denied* 511 US 1084).

While the record reveals that respondent's aunt supported him from 1990 through 1993, it does not indicate how much financial support she was providing. The evidence establishes that at the time of these proceedings respondent was unemployed and ill. There was no countervailing evidence that respondent's 1990-1993 income ever exceeded the poverty income guidelines. Accordingly, it was error to deny respondent's objection that the arrears should be further reduced.

Petitioner Commissioner's argument that Family Court Act § 451's provision that "the modification, set aside or vacatur [of any order issued in any support proceeding] shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section" precludes any further reduction of respondent's child support obligation is not well taken. Since respondent's income never exceeded the poverty income guidelines, child support arrears, in the first instance, could not exceed $500. (Family Ct Act § 413 [1] [g]; *Matter of Rose [Clancy] v Moody, supra*, 83 NY2d at 70; *Matter of Blake [Ashley] v Syck*, 230 AD2d 596, 598-599, *lv denied* 90 NY2d 811.) *Commissioner of Social Servs. v Gomez* (221 AD2d 39), upon which petitioner relies, is not to the contrary, since, unlike there, this is a "situation where it was impossible for respondent to pay child support" (*id.* at 42). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.