■ In the Matter of RUSSELL E. MEYER, JR., Appellant, v SHARI L. MEYER, Respondent. [760 NYS2d 567] —Rose, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered February 5, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

In 1988, based on a finding that petitioner was able to be employed at minimum wage despite a "permanent partial disability" for which he was receiving benefits, Family Court ordered him to pay support for respondent, who was then his wife, as well as the parties' two children. In 1995, Family Court ruled that petitioner had willfully disobeyed the earlier order based in part on its finding that he had submitted no medical evidence substantiating his claim that he was unable to work. In 1996, all parties agreed to a Family Court order continuing petitioner's support obligation for the parties' children. In January 2001, upon petitioner's default in a proceeding brought by respondent, Family Court continued petitioner's support obligation for their daughter only, since their son had become

---

* We will not address this violation of CPLR 3014, as it was not argued in Supreme Court or before this Court.

emancipated, and increased respondent's monthly payment towards arrears. Petitioner immediately petitioned for modification of the prior order, contending that his receipt of Supplemental Security Income benefits, lack of any other income and inability to work constituted a change in circumstances warranting termination of his support obligation. Following a hearing, the Hearing Examiner found that petitioner had not proven his inability to work, and denied the petition. Family Court then denied petitioner's objections to the Hearing Examiner's decision, prompting this appeal. Because petitioner failed to introduce any competent medical evidence demonstrating a change in his ability to work, we now affirm.

In seeking to modify the 2001 order of support, petitioner bore the burden of demonstrating a sufficient change in circumstances to warrant modification (*see Matter of Mulligan v Mulligan,* 291 AD2d 677, 679 [2002]; *Matter of Cohen v Hartmann,* 285 AD2d 675, 675 [2001]). Since petitioner did not establish his inability to work in the earlier support proceedings, Family Court's original imputation of an ability to earn income beyond his disability benefits remained his prior circumstances in the current proceeding. As a result, petitioner's receipt of Supplemental Security Income benefits, which we agree cannot form the basis of a child support award (*see Matter of Allegany County Dept. of Social Servs. [Jennifer L.H.] v Thomas T.,* 273 AD2d 916, 917 [2000]), does not establish a material change from his prior circumstances. Thus, the Hearing Examiner and Family Court correctly concluded that, in the absence of recent medical evidence of his alleged disability, petitioner failed to meet his initial burden of proof (*see Matter of Nickerson v Bellinger,* 258 AD2d 688, 689 [1999]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.