■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF RENSSELAER COUNTY, on Behalf of JOSEPHINE FARESTA, Respondent, v ANTHONY FARESTA, Appellant. [783 NYS2d 420]—

Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered June 19, 2003, which, in a proceeding pursuant to Family Ct Act article 4, inter alia, revoked respondent's suspended sentence of incarceration.

By order entered February 18, 1999, Family Court, upon the parties' consent, found respondent to have willfully violated a prior order of support, fixed the arrears due to the Rensselaer County Department of Social Services at $6,663, directed that respondent pay such arrears at the rate of $50 per month and imposed a 60-day jail sentence, with said sentence stayed upon

the condition that respondent not miss any two payments. Thereafter, in September 2002, petitioner commenced the instant proceeding alleging that respondent failed to comply with the terms of the February 1999 order and seeking the imposition of the previously stayed jail sentence. In response, respondent moved to vacate the February 1999 order, contending that he did not receive the effective assistance of counsel during his January 1999 appearance before Family Court. Specifically, respondent asserted that because he was receiving public assistance at the time of his January 1999 court appearance and thereafter began receiving Social Security benefits, his former counsel should have raised inability to pay as a defense. Family Court dismissed respondent's motion and, by order entered June 19, 2003, directed, inter alia, that respondent serve 30 days in the Rensselaer County jail. Family Court's order further provided that respondent could purge himself of the contempt finding by paying $2,500 to the Rensselaer County support collection unit.

Respondent thereafter appealed the foregoing order to this Court which, in turn, granted respondent's motion to stay the jail sentence pending appeal. At some point, respondent apparently paid his arrears in full, prompting Family Court to issue an order and amended order vacating both the jail sentence and the prior finding of a willful violation. Respondent nonetheless continues to press this appeal, contending that Family Court erred in denying his motion to vacate the February 1999 order upon the ground of ineffective assistance of counsel.

Preliminarily, we agree with respondent that despite his payment of the outstanding arrears and Family Court's vacatur of both the underlying jail sentence and the finding of a willful violation of the prior order of support, the instant appeal is not moot. Simply stated, were respondent to prevail upon either of his challenges to the computation of the arrears fixed by Family Court, he potentially would be entitled to some form of adjustment. Accordingly, respondent remains aggrieved by Family Court's denial of his motion to vacate, and there potentially remains relief for this Court to afford to respondent.

As a starting point, we note that the failure of CPLR 5015 to specifically identify ineffective assistance of counsel as a permissible ground for vacatur of a court order does not preclude respondent from moving to vacate Family Court's February 1999 order upon that basis (see Matter of Delfin A., 123 AD2d 318, 320 [1986]). The list of grounds set forth in CPLR 5015 is by no means exhaustive (see id. at 320).

Turning to the merits, respondent's ineffective assistance of

counsel claim has three primary components. First, as noted previously, respondent asserts that at the time of the January 1999 court appearance, his income, consisting solely of public assistance benefits, fell below the federal poverty line and, as such, he was indigent and lacked the ability to pay the ordered support. Counsel's failure to raise this potentially viable defense, respondent argues, constituted ineffective assistance of counsel. Respondent further contends that the arrears fixed by Family Court were calculated in violation of Family Ct Act § 413 (1) (g), which provides, in relevant part, that "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of [$500] shall not accrue." Thus, respondent claims that counsel should have sought an adjustment to the amount of arrears determined ($6,663) for whatever period of time that the statutory cap imposed by Family Ct Act § 413 (1) (g) applied. Finally, respondent maintains that given his economic situation and alleged psychiatric disability, counsel should have moved to reduce or cancel the arrears altogether and, thus, failed to provide effective representation. Petitioner, on the other hand, notes that respondent consented to the finding of a willful violation and agreed to pay the outstanding arrears without challenging the amount computed. Petitioner further contends that the arrears in question accrued long before respondent began receiving public assistance and, as such, his claim of indigency fails. Accordingly, petitioner's argument continues, respondent has no valid defense, no viable claim for ineffective assistance of counsel and the provisions of Family Ct Act § 413 (1) (g) are inapplicable.

As to the legal arguments made by the parties, respondent's consent to both the finding of a willful violation and the payment of the then outstanding arrears cannot be deemed dispositive if it was the product of ineffective assistance of counsel (*cf. Matter of Allegany County Dept. of Social Servs. [Jennifer L.H.] v Thomas T.*, 273 AD2d 916, 917 [2000]). Additionally, any perceived conflict between the provisions of Family Ct Act § 451, which precludes the reduction or cancellation of child support arrears, and Family Ct Act § 413 (1) (g) vanishes if the statutory cap does in fact apply (*see Matter of Onondaga County Dept. of Social Servs. [Gloria T.] v Timothy S.*, 294 AD2d 27, 29 [2002]; *Matter of Commissioner of Social Servs. [Campos] v Campos*, 291 AD2d 203, 205 [2002]; *Matter of Blake [Ashley] v Syck*, 230 AD2d 596, 599 [1997], *lv denied* 90 NY2d 811 [1997]). Moreover, while it is true that Family Ct Act § 451 indeed contains a general prohibition against the cancellation or reduc-

tion of arrears, an exception has been carved out where the payment of such arrears would constitute a "grievous injustice" (see Matter of Commissioner of Social Servs. [Rosa Lidia T.] v Luis Alonso G., 7 AD3d 388 [2004]; Matter of Reynolds v Oster, 192 AD2d 794, 795 [1993]; cf. Gaudette v Gaudette, 263 AD2d 626 [1999], lv dismissed 94 NY2d 789 [1999]). Thus, there potentially is a scenario under which respondent would be entitled to relief. The scant record before us, however, fails to establish when the $6,663 in arrears accrued, what income or resources were available to respondent during the period of time such arrears accrued and/or when respondent began receiving public assistance. Without such information, it is impossible for this Court to determine whether respondent was in fact indigent during the relevant time period and, therefore, whether he has a viable claim for ineffective assistance of counsel. Absent such proof, as well as evidence of respondent's alleged psychiatric disability, we are unable to ascertain whether Family Ct Act § 413 (1) (g) has any applicability to the matter before us and, further, whether upholding the arrears computed by Family Court and paid by respondent would constitute a grievous injustice. Accordingly, we must withhold decision and remit this matter to Family Court to enable the parties to submit the proof necessary to permit us to resolve these outstanding issues.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.