■ In the Matter of NINA MINTER-LITCHMORE, Appellant, v TREVOR LITCHMORE, Respondent. (And Another Related Proceeding.) [805 NYS2d 445]—

Mercure, J.P. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered August 2, 2004, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

---

* Notably, defendants did specifically plead qualified privilege as an affirmative defense in their answer.

The parties herein were divorced in 2002. Respondent was awarded sole custody of their two children (born in 1994 and 1999) and petitioner was directed to pay child support in the amount of $89 per week following a 78-week suspension of that obligation. Respondent was directed to pay maintenance to petitioner in the amount of $200 per week, for a four-year period. In 2004, Family Court awarded petitioner joint legal custody of the children, although primary physical custody remained with respondent. Petitioner then commenced these proceedings seeking, among other things, a termination of her child support obligation and an award of child support to her on the ground that the award of joint legal custody constituted a change in circumstances. Following a hearing, a Support Magistrate dismissed petitioner's applications and Family Court subsequently dismissed petitioner's objections in their entirety. Petitioner appeals and we now affirm.

A party seeking modification of a prior custody or support order bears the burden of demonstrating a substantial change in circumstances (*see e.g. Redder v Redder,* 17 AD3d 10, 12-13 [2005]; *Cynoske v Cynoske,* 8 AD3d 720, 722 [2004]). Petitioner argues that Family Court's determination awarding her additional custodial time with the children when she was granted joint legal custody has resulted in an essentially shared custody situation. As such, she asserts that respondent, who bears the greater pro rata share of the parties' child support obligation, should now be deemed the noncustodial parent for purposes of support (*see Bast v Rossoff,* 91 NY2d 723, 732 [1998]; *Redder v Redder, supra* at 13; *Baraby v Baraby,* 250 AD2d 201, 204 [1998]). The record reveals, however, that even after the modification of the prior custody arrangement, a majority of the children's time is spent with respondent. As the Support Magistrate noted, the modification of custody caused little difference in the amount of time that petitioner actually spends with the children inasmuch as she was given only one extra day per week but lost vacation time and the right to have the children with her on certain holidays. Accordingly, petitioner failed to demonstrate a change in circumstances warranting downward modification of the prior child support order and her petition was properly dismissed (*cf. Clerkin v Clerkin,* 304 AD2d 784, 785 [2003]). Petitioner's remaining arguments are either rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.