■ In the Matter of Cully Van Buren, Appellant, v Cynthia Burnett, Respondent. [870 NYS2d 605]—

Kavanagh, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered October 17, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) have one daughter (born in 1996). In a March 2003 order, Family Court directed the father to pay child support in the amount of $60 per week.* Pursuant to a January 2004 order, the mother was awarded primary physical custody of the child and the father was given weekly visitation from Wednesday after school until early Saturday morning. In April 2006, the father filed a petition to modify the child support or-

---

* This order modified a prior support order from December 2000.

der. After a hearing, the Support Magistrate dismissed the petition, finding that the father had failed to show a change of circumstances that warranted a modification of his child support obligation. The objections filed by the father to the Support Magistrate's decision were denied by Family Court. The father now appeals.

We affirm. To prevail, the father was required to establish a substantial change in circumstances since the entry of the child support order that warranted a modification of his obligation to pay child support (*see Matter of Bianchi v Breakell*, 48 AD3d 1000, 1002 [2008]; *Matter of Carr v Carr*, 19 AD3d 839, 842 [2005]; *Redder v Redder*, 17 AD3d 10, 12-13 [2005]). In that regard, the father alleged that he had a medical condition that limited his ability to work and, in turn, has caused a significant reduction in his annual income. However, the father is not on disability and the condition in question is not new, but has existed for many years—including a time that the father was able to earn sufficient income to meet his child support obligation. In addition, the father has acknowledged that he was terminated from his position as a manager of a convenience store, not because he was unable to work, but because he "had a falling out with [his] manager." Based on this testimony, we agree with Family Court that the father failed to prove that his medical condition rendered him unable to work (*see Matter of Gray v Gray*, 52 AD3d 1287, 1288 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]; *Matter of Meyer v Meyer*, 305 AD2d 756, 757 [2003]) and, as such, does not constitute a substantial change in circumstances that would warrant a modification of the child support order.

The father also claimed that because the child was in his custody for a significant period of time each week, the existing child support order should be modified to require that each parent be obligated to support the child only when she is in each parent's respective care. While the custody order calls for the child to be in the father's care for a significant amount of time each week, the mother has been designated the custodial parent for the purposes of determining child support and cares for the child "for a majority of time" (*Bast v Rossoff*, 91 NY2d 723, 728 [1998]; *see Rossiter v Rossiter*, 56 AD3d 1011, 1012 [2008]). In addition, we note that in February 2004, the father made a similar application to modify child support and the Support Magistrate, in refusing to modify the terms of child support, noted that when the child support order was issued, the court considered "the fact that [the child] spends a substantial period of time each week with [the father]." Thus, the fact that the

father takes care of the child for a significant period of time each week is not a new circumstance and the father has failed to present evidence of an intervening circumstance that would warrant a modification of the terms of the child support order (*see Matter of Minter-Litchmore v Litchmore*, 24 AD3d 932, 933 [2005]). Petitioner has also failed to demonstrate that he has incurred any extraordinary expenses while caring for the child that have served to substantially reduce those that are routinely paid by the mother (*see* Family Ct Act § 413 [1] [f] [9]; *Matter of Gillette v Gillette*, 8 AD3d 1102, 1103 [2004]; *Matter of Fernandez v Fernandez*, 256 AD2d 901, 902 [1998]).

The father also argues that Family Court failed to consider the mother's current financial situation. In fact, the father's petition does not allege that the mother had become gainfully employed, but only that she was "healthy, and fully capable of working to support the child." While evidence was received that the mother had recently earned a cosmetology degree, the record is devoid of any proof that she was earning an income or any proof of her potential earning capacity that should have been considered in determining each party's child support obligation (*compare Kayemba v Kayemba*, 46 AD3d 994, 995-996 [2007]; *Matter of Freedman v Horike*, 29 AD3d 1093, 1094 [2006]).

Finally, the father, for the first time, raises certain issues on appeal—such as his claim that he should be allowed to take the child as a tax exemption in alternate years—that have not been preserved for our review (*see Matter of Moore v Shapiro*, 30 AD3d 1054, 1055 [2006]). The remaining contentions, to the extent preserved, have been reviewed and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.