In the Matter of DAVID MANDELOWITZ, Respondent, v ADELLA BODDEN, Appellant. [890 NYS2d 634]—

The mother and the father, who never married, have one child together. In 1996 the mother commenced a proceeding against the father in the Family Court, Kings County, seeking an order of support for the child. In response to the petition, the father claimed that he was disabled and awaiting the receipt of Social Security disability benefits.

The Hearing Examiner determined that the father, notwithstanding his health problems, was able to work in some capacity. In an order dated December 23, 1997, the Hearing Examiner, inter alia, ordered the father to pay the sum of $480 per month in child support retroactive to November 1, 1996. The father filed objections to the Hearing Examiner's order, but the Family Court denied his objections. The father appealed from both orders, but this Court dismissed the appeals for failure to prosecute.

In 1998 the father unsuccessfully sought a downward modification of his child support obligation and an adjustment or cancellation of arrears, with the Hearing Examiner finding, inter alia, that the father had failed to substantiate his claim that his health had deteriorated since the entry of the child support order. The father filed objections to the Hearing Examiner's order dismissing the petition, but the Family Court denied his objections. The father appealed from both orders, but this Court dismissed the appeals for failure to prosecute.

In 1999 the father began receiving Social Security disability benefits retroactive to some time in 1996. Also in 1999, the mother obtained a money judgment against the father for arrears in the sum of $7,434.96.

In 2001 the father unsuccessfully sought a downward modification of his child support obligation and an adjustment of arrears based on, inter alia, his lack of employment.

In 2003 the Support Collection Unit issued a cost-of-living adjustment (hereinafter COLA) order, which increased the father's monthly support obligation from the sum of $480 to the sum of $547. Around that time, the father unsuccessfully sought a downward modification of his child support obligation and an adjustment of arrears based on, inter alia, his collection of disability benefits, with the Support Magistrate issuing an order dated May 28, 2003, continuing the father's $547 monthly child support obligation.

In 2004 the father unsuccessfully sought a downward modification of his child support obligation, with the Support Magistrate issuing an order dated May 12, 2004, again continuing the father's $547 monthly child support obligation and directing the entry of a money judgment in favor of the mother and against the father for arrears in the amount of $21,744.34.

In 2007 the Support Collection Unit issued a COLA order that increased the father's monthly support obligation from the sum of $547 to the sum of $610.

In 2008 the father filed the instant petition seeking a downward modification of his $610 monthly child support obligation as provided for in an order entered October 15, 2007, and an adjustment of arrears. After a hearing, the Support Magistrate granted those branches of the father's petition which were for a downward modification of his child support obligation as set forth in the order entered October 15, 2007, to the extent of reducing his monthly child support obligation from the sum of $610 to the sum of $25 and for a reduction of his child support arrears to the extent of reducing his arrears from the sum of $29,179.30 to the sum of $500. The mother filed

objections to the Support Magistrate's order, but the Family Court denied her objections. The mother appeals.

The party seeking to modify a child support order "has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (*Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007] [citations omitted]). Importantly, "[i]n determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order [sought to be modified]" (*Matter of Talty v Talty*, 42 AD3d 546, 547 [2007] [internal quotation marks and citations omitted]).

Here, in connection with the mother's 1996 petition that resulted in the original child support order of December 23, 1997, the Hearing Examiner found that the father had failed to establish that he was unable to work in any capacity. While it is undisputed that in or around 1999 the father began receiving Social Security disability benefits retroactive to a date prior to the entry of the original child support order, the father failed to establish in connection with his several unsuccessful petitions for downward modification of his child support obligation that he is no longer capable of working in some capacity (*see generally Matter of Marrale v Marrale*, 44 AD3d at 776). Notably, the father failed either to file objections to, appeal from, and/or perfect his appeal from, every child support order entered from the original child support order through the order entered October 15, 2007.

Thus, the Family Court's prior determination that the father is capable of working in some capacity remained in effect as of October 15, 2007 (*see Matter of Meyer v Meyer*, 305 AD2d 756, 757 [2003]). Therefore, the father was required, in connection with his 2008 petition, to submit evidence of a change in his ability to work in some capacity from October 15, 2007, to March 5, 2008, in order to obtain a downward modification of his child support obligation (*see id.*; *see also Matter of Talty v Talty*, 42 AD3d at 547).

In that regard, the Support Magistrate herein, relying on certain medical documents submitted by the father and his hearing testimony, found, regarding change of circumstances, that the father had provided credible evidence and testimony as to his serious medical conditions, his years of treatment, and his inability to work. However, even if the Support Magistrate properly considered the medical documents submitted by the father, many of which do not even qualify as medical records

and none of which were certified (*see Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006]), nothing in those medical documents, or in the father's hearing testimony, established a change in the father's ability to work in some capacity from October 15, 2007, to March 5, 2008.

Under such circumstances, the Support Magistrate erred in granting that branch of the father's petition which was for a downward modification of his child support obligation to the extent of reducing his child support obligation from the sum of $610 per month to the sum of $25 per month, since the father did not submit any evidence of a change in his ability to work in some capacity from October 15, 2007, to March 5, 2008 (*see Matter of Meyer v Meyer*, 305 AD2d at 757; *see also Matter of Talty v Talty*, 42 AD3d at 547).

Next, pursuant to Family Court Act § 451, the court "may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." In that regard, contrary to the father's claim, child support arrears may not be reduced or annulled even where the defaulting party shows good cause for failing to make an application for relief from the judgment or order of support prior to the accrual of arrears or where requiring the party to pay the arrears will result in a grievous injustice (*see Matter of Dox v Tynon*, 90 NY2d 166, 173-174 [1997]).

On the other hand, pursuant to Family Court Act § 413 (1) (g), "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue" (Family Ct Act § 413 [1] [g]). Thus, for any period of time that the noncustodial parent's income is below the poverty level and he or she does not satisfy his child support obligation, "the prohibition against reduction of accrued child support arrears contained in section 451 [i]s not triggered because there were no accrued arrears in excess of $500 to reduce" (*Matter of Blake v Syck*, 230 AD2d 596, 599 [1997]; *see Matter of Commissioner of Social Servs. v Campos*, 291 AD2d 203, 205 [2002]).

Here, based on the father's Social Security disability benefits for the years 1996 through 2008 and what the Support Magistrate characterized as the father's rental "profit" (or at times lack thereof) for the years 2000 through 2008, the Support Magistrate found that the father's income for the years 1996

through 2008 was below the poverty level and thus determined that the arrears accumulated for the period October 1, 1996, through April 30, 2008, must be capped at $500 pursuant to Family Court Act § 413 (1) (g). However, even assuming that the Support Magistrate properly calculated the father's income for the years 2000 through 2008 without including the father's entire rental income, the Support Magistrate erred in finding that the father's income for the years 1996 through 2008 was below the poverty level based solely on his Social Security disability benefits and rental profits because that finding impermissibly changes the prior finding of the Family Court made in connection with the original child support order that the father is capable of working in some capacity, and thus able to earn income and to support the child, which remained his circumstances as of October 15, 2007 (cf. Matter of John T. v Olethea P., 64 AD3d 484 [2009]; Matter of Commissioner of Social Servs. v Campos, 291 AD2d at 203; Matter of Blake v Syck, 230 AD2d at 596). Moreover, as previously stated, the father failed to establish in connection with the 2008 petition a change in his ability to work in some capacity, and thus to earn income and to support the child, from October 15, 2007, through March 5, 2008.

Under these circumstances, the Support Magistrate erred in granting that branch of the father's petition which was for a reduction of his child support arrears to the extent of reducing his arrears for the period October 1, 1996, through April 30, 2008, from the sum of $29,179.30 to the sum of $500 (see Matter of Sutkowy v J.B., 196 Misc 2d 1005, 1008 [2003]; see also Matter of Talty v Talty, 42 AD3d at 547). Mastro, J.P., Belen, Hall and Austin, JJ., concur.