In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated December 21, 2012, which denied his objection to an order of the same court (Bloom, S.M.), dated July 17, 2012, which denied his motion pursuant to Family Court Act § 413 (1) (g) to reduce child support arrears to $500 for the period of June 2, 2011, through July 16, 2012.
Ordered that the order dated December 21, 2012, is reversed, on the law, without costs or disbursements, the father’s objection is granted, the order dated July 17, 2012, is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith.
The father moved to reduce child support arrears for the period of June 2, 2011, through July 16, 2012, to $500, claiming that, on June 2, 2011, he suffered a heart attack, which rendered him disabled, and that, after that date, his income fell below the poverty level. The Support Magistrate denied the motion, and the father filed an objection to that order. The Family Court denied the father’s objection.
Family Court Act § 451 provides that “the court . . . may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section.”
*623 However, Family Court Act § 413 (1) (g) provides: “Where the non-custodial parent’s income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue” (emphasis added). Thus, “for any period of time that the noncustodial parent’s income is below [or equal to] the poverty level, and he or she does not satisfy his [or her] child support obligation, ‘the prohibition against reduction of accrued child support arrears contained in section 451 [i]s not triggered because there [are] no accrued arrears in excess of $500 to reduce’ ” (Matter of Mandelowitz v Bodden, 68 AD3d 871, 875 [2009], quoting Matter of Blake v Syck, 230 AD2d 596, 599 [1997]; see Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Foresta, 11 AD3d 750 [2004]; Matter of Commissioner of Social Servs. v Campos, 291 AD2d 203, 205 [2002]). To the extent this Court’s decision in Matter of Martinez v Torres (26 AD3d 496 [2006]) indicates that arrears cannot be capped at $500 pursuant to Family Court Act § 413 (1) (g), for periods preceding the filing of a party’s petition, it should not be followed.
Here, the father’s averments as to his level of income for the period of June 2, 2011, through July 16, 2012, which were supported by documentation of disability payments he received, warranted a hearing to determine whether the father’s income for that period fell below, or was equal to, the income level provided in the poverty income guidelines (see LiGreci v LiGreci, 87 AD3d 722, 725-726 [2011]). If the father proves that his income was at or below that level for “any period of time” (Matter of Mandelowitz v Bodden, 68 AD3d at 875), child support arrears for that period of time must be capped at $500 (see Family Ct Act § 413 [1] [g]).
Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Nassau County, for a hearing on the father’s financial circumstances during the relevant period and a new determination of his motion thereafter. Skelos, J.E, Dickerson, Hall and Miller, JJ., concur.