■ In the Matter of Nassau County Department of Social Services, on Behalf of Adam J. Schaap, Respondent, v M. Courtney Schaap, Appellant. [1 NYS3d 236]—

Appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated February 6, 2014. The order denied the mother's objections to two orders of that court (Diane M. Dwyer, S.M.), both dated October 28, 2013, which, after a hearing, denied the mother's motion to modify a money judgment of that court (Penelope Beck Cahn, S.M.) dated November 1, 2006, in favor of the Nassau County Department of Social Services and against her in the principal sum of $7,426 for child support arrears, so as to suspend the accrual of interest from July 31, 2013, until such time as she begins to receive income from employment or Social Security Disability Insurance benefits, and dismissed her petition, inter alia, to modify the money judgment.

Ordered that the order dated February 6, 2014, is reversed, on the law and the facts, without costs or disbursements, the mother's objections to the orders dated October 28, 2013, are granted, the orders dated October 28, 2013, are vacated, the mother's petition is reinstated, the mother's motion to modify the money judgment dated November 1, 2006, so as to suspend the accrual of interest from July 31, 2013, until such time as she begins to receive income from employment or Social Secu-

rity Disability Insurance benefits is granted, the mother's petition is granted to that extent and is otherwise denied, and the matter is remitted to the Family Court, Nassau County, for the entry of an appropriate amended money judgment.

The Family Court erred in denying the mother's objections to the Support Magistrate's orders dated October 28, 2013. Those orders denied her motion to modify a money judgment dated November 1, 2006, in favor of the Nassau County Department of Social Services (hereinafter DSS) and against her in the principal sum of $7,426 for child support arrears, so as to suspend the accrual of interest from July 31, 2013, the date she filed her modification petition, until such time as she begins to receive income from employment or Social Security Disability Insurance benefits, and dismissed her modification petition. The mother's failure to allege any of the grounds listed in CPLR 5015 did not preclude her from seeking modification of the money judgment since the grounds set forth in the statute are not exhaustive (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta*, 11 AD3d 750, 753 [2004]; *Matter of Delfin A.*, 123 AD2d 318, 320 [1986]). Additionally, Family Court Act § 451 provides the Family Court with continuing jurisdiction over any support proceeding brought under Family Court Act article 4 "until its judgment is completely satisfied," and authorizes it to "modify, set aside or vacate any order issued in the course of the proceeding" without limitation as to grounds (Family Ct Act § 451 [1]).

The Family Court correctly determined that there was no merit to the mother's contention that Family Court Act § 413 (1) (g) entitled to her to the proposed modification, since such modification would suspend interest on a judgment for unpaid child support arrears that she accrued in a period during which she does not claim that her income was less than or equal to the federal poverty level. Nevertheless, there was no statutory bar to modifying the money judgment as the mother requested. Contrary to the Family Court's conclusion, the prohibition contained in Family Court Act § 451 on modifying or vacating an order or judgment so as to "reduce or annul child support arrears accrued prior to the [filing of the petition for modification]" did not preclude the modification the mother sought through her motion, inasmuch as she proposed only to suspend interest on the money judgment prospectively from the date her modification petition was filed (Family Ct Act § 451 [1]). Moreover, DSS, the party in whose favor the money judgment was entered, expressly consented to the suspension of interest on the money judgment as requested by the mother.

Under the circumstances, the mother's motion to modify the money judgment, and so much of the petition as sought the same relief, should have been granted. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.