■ In the Matter of JOHNNY BRIGGS, Respondent, v ANGELA MICHELE McKINNEY-MAYS, Appellant. [34 NYS3d 623]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated July 29, 2015. The order granted the father's objection to so much of a corrected order of that court (Elizabeth A. Bloom, S.M.) dated March 3, 2015, as, after a hearing, denied his motion pursuant to Family Court Act § 413 (1) (g) to cap child support arrears at $500 for the period of June 2, 2011, through July 16, 2012, and remitted the matter for a renewed hearing on that issue.

Ordered that the order dated July 29, 2015, is reversed, on the law, without costs or disbursements, and the objection is denied.

The father moved pursuant to Family Court Act § 413 (1) (g) to cap child support arrears at $500 for the period of June 2, 2011 through July 16, 2012, claiming that, on June 2, 2011, he suffered a heart attack, which rendered him disabled, and that after that date, his income fell below the poverty level. The motion was denied, and the father appealed to this Court, which reversed and remitted the matter to the Family Court, Nassau County, for a hearing on the father's financial circumstances during the relevant period and a new determination of his motion thereafter (*see Matter of Briggs v McKinney-Mays*, 112 AD3d 622 [2013]).

After conducting a hearing upon remittal, the Support Magistrate properly denied the father's motion on the ground that he failed to show an inability to work during the relevant period. Contrary to the father's contention, at a hearing to determine if arrears should be capped, the Family Court may properly consider a parent's credibility and his or her ability to work (*see LiGreci v LiGreci*, 87 AD3d 722, 725-726 [2011]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871, 876 [2009]). Here, the father failed to present evidence to show that his medical condition at the relevant time prevented him from working in some capacity (*see Matter of Mandelowitz v Bodden*, 68 AD3d at 876). Accordingly, the Support Magistrate properly denied the father's motion to cap arrears at $500 for the period of June 2, 2011 through July 16, 2012, and his objection to the corrected order should have been denied. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.