Matter of Akhtar v Naeem (2024 NY Slip Op 02240)

Matter of Akhtar v Naeem

2024 NY Slip Op 02240

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-23-0508
[*1]In the Matter of Naeem Akhtar, Appellant,
v
Tanvir Naeem, Respondent.

Calendar Date:February 21, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Gerald A. Norlander, Bolton Landing, for appellant.

Powers, J.
Appeal from an order of the Family Court of Saratoga County (Paul Pelagalli, J.), entered January 30, 2023, which, in a proceeding pursuant to Family Ct Act article 4, partially denied petitioner's objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 1995, 2001 and 2005). The parties separated in 2006, and the mother then filed petitions seeking child support and spousal support. In February 2007, Family Court (Clark Jr., S.M.), among other things, directed the father to pay $485 biweekly in basic child support, effective August 24, 2006, and $150 biweekly in spousal support, effective December 1, 2006. The father met his support obligations until 2016, when his employment as a pharmaceutical sales representative terminated due to the nonrenewal of business contracts. Shortly thereafter, the father was medically diagnosed with renal disease, and he remains in need of a kidney transplant.
On April 23, 2018, the father filed a petition for modification seeking, among other things, a reduction of his existing support obligations. On December 7, 2018, Family Court entered an order dismissing the petition upon a finding that the father failed to demonstrate a sufficient change in circumstances to warrant the relief requested. The Social Security Administration thereafter found him eligible for needs-based Supplemental Security Income (hereinafter SSI), which was retroactive to June 2018 and, beginning in February 2019, the father has received Social Security Disability Income.
On July 21, 2022, the father commenced this proceeding pursuant to Family Ct Act article 4, again seeking modification of the February 2007 support orders based upon the Social Security Administration's disability determination. Following a hearing, a Support Magistrate (De La Fleur, S.M.) reduced the father's child support obligation to $357 per month, commencing January 1, 2023 but retroactive to July 21, 2022, based upon only one child still being under the age of 21, and otherwise found the father's proof insufficient to grant additional relief. The father objected to the Support Magistrate's findings, and, in a January 2023 order, Family Court (Pelagalli, J.) denied the objections except that it, sua sponte, reduced the father's child support obligation to $323.75 per month, effective January 30, 2023. The father appeals.
The father primarily challenges Family Court's refusal to cancel the child support arrears in excess of $500, which accumulated from September 2017 to January 2019, corresponding with the 17-month period during which he claims he lacked an ability to pay because of little or no income. Certainly, public policy strongly disfavors the restitution or recoupment of child support payments, and courts generally do not have the authority to reduce or cancel child support arrears which have accrued (see Family Ct Act § 451; Matter of Dox v Tynon, 90 [*2]NY2d 166, 168 [1997]; Mairs v Mairs, 61 AD3d 1204, 1210 [3d Dept 2009]).
However, the statutory scheme of child support enforcement carves out an exception to the general prohibition barring the adjustment or vacatur of child support arrears where the noncustodial parent demonstrates that he or she experienced a period of time during which his or her income fell below the poverty income guidelines. Pursuant to Family Ct Act § 413 (1) (g), "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of [$500] shall not accrue." Notably, the poverty level for a one-person household in 2017 was $12,060 and in 2018 was $12,140.
Of course, Family Court may properly consider a noncustodial parent's ability to work when determining whether his or her child support arrears are required to be capped at $500 (see Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta, 11 AD3d 750, 752 [3d Dept 2004]). However, based upon our independent review of the record, we cannot agree with Family Court's finding that the father failed to present sufficient evidence of his inability to work during the relevant 17-month period when his income was well below the poverty guidelines.
The record reveals that, commensurate with the loss of his employment in 2016, the father collected unemployment insurance benefits, which terminated in August 2017. He testified that he had no other income for the remaining months of 2017 because he was, at that time, undergoing regular medical treatment for kidney failure. In 2018, the father had only $6,887 in earned income from part-time retail work, and he testified that he was unable to find or perform other work. According to his testimony, during these 17 months, the father's credit cards were involuntarily cancelled for nonpayment, he lacked sufficient funds even to launder his clothing, and he begged others to purchase groceries for him. We also note that the father's testimony and evidence was uncontroverted as the mother did not cross-examine the father.
In our view, Family Court erred when it declined to recalculate the father's arrearage because it relied upon the incorrect premise that the father had failed to file a sworn financial disclosure affidavit, and because the submission of his SSI eligibility approval letter was missing multiple pages, and further, because he did not state the total amount of unemployment benefits he received. Our review of the record, however, reveals that none of these omissions in the proof pertained to the father's financial circumstances during the 17-month period corresponding with his claim of indigency. Thus, we find that Family Court erred insofar as it considered these omissions in the record to be relevant in assessing whether the father's income was below the level of poverty during the time [*3]period claimed by the father. Accordingly, we find that the father met his burden and sufficiently supported his claim of indigency during the relevant 17-month period so as to afford him a viable claim under Family Ct Act § 413 (1) (g). In fact, contrary to Family Court's analysis, this is not a matter of arrears being forgiven in contravention of Family Ct Act § 451 but, rather, a circumstance of arrears between September 2017 and January 2019 never having accrued (see Matter of Mandelowitz v Bodden,68 AD3d 871, 875 [2d Dept 2009], lv denied 14 NY3d 710 [2010]; Family Ct Act § 413 [1] [g]).
We also agree with the father's contentions that Family Court erred in denying him a credit for $977.58, representing the amount of overpayment of child support beyond the parties' middle child having reached the age of 21, as well as the effective date for the reduced obligation relative to the one remaining child for whom the obligation continued. Under firmly established principles, parents have a statutory duty to support their children until the duty terminates by operation of law upon the child attaining the age of 21 (see Matter of Pratt v Pratt,154 AD3d 1201, 1203 [3d Dept 2017];Foster v Daigle, 25 AD3d 1002, 1004 [3d Dept 2006], lv dismissed 6 NY3d 890 [2006]; see also Family Ct Act § 413 [1] [a]). Here, the father's statutory support obligation with respect to the parties' middle child terminated on August 8, 2022 — that child's 21st birthday — and the Support Magistrate fixed a new obligation for the remaining child still entitled to support. The excess amount of $977.58, paid for the middle child beyond August 8, 2022, was incorrectly applied by Family Court and must be credited to the father (see Lee v Lee, 18 AD3d 508, 511 [2d Dept 2005]). Further, it is axiomatic that child support awards are effective as of the date of the application therefor (see Matter of Gardner v Maddine, 112 AD3d 926, 927 [2d Dept 2013]) and thus, Family Court erred in setting a different effective date for the continuing obligation with respect to the remaining child. Indeed, Family Court lacked the authority to raise issues, sua sponte, which the parties did not preserve through the filing of objections pursuant to Family Ct Act § 439 (e) (see Matter of Porter v D'Adamo, 113 AD3d 908, 910 [3d Dept 2014]; Matter of Hubbard v Barber, 107 AD3d 1344, 1345 [3d Dept 2013]).
Accordingly, the matter must be remitted to Family Court for the purpose of recalculating the total amount of the father's child support arrears and a determination of the manner in which his overpayment shall be credited.
Clark, J.P., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petitioner's objections are granted, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.