Matter of Westchester County Dept. of Social Servs. v Duncan (2025 NY Slip Op 02076)

Matter of Westchester County Dept. of Social Servs. v Duncan

2025 NY Slip Op 02076

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-00038
 (Docket Nos. F-2922-21, F-02922-21/23D)

[*1]In the Matter of Westchester County Department of Social Services, etc., respondent,
v
Oneil Duncan, appellant.

Oneil Duncan, Bronx, NY, appellant pro se.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Melissa A. Loehr, J.), dated November 28, 2023. The order denied the father's objections to (1) so much of an order of the same court (Carol Ann Jordan, S.M.) dated September 28, 2023, as, after a hearing, directed him to pay child support arrears in the sum of $3,092.14, and (2) an order of the same court (Carol Ann Jordan, S.M.) dated October 3, 2023, which denied his motion, in effect, for a downward modification of his child support obligation.
ORDERED that the order dated November 28, 2023, is affirmed, with costs.
The father and the mother have one child together. In May 2021, the mother filed a petition for child support. A Support Magistrate thereafter conducted a hearing on the petition. In an order dated May 12, 2022, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $75 per week (hereinafter the support order).
In March 2023, the Westchester County Department of Social Services filed a petition on the mother's behalf, alleging that the father willfully failed to comply with the support order. Also in March 2023, the father moved, in effect, for a downward modification of his child support obligation. In an order dated September 28, 2023, the Support Magistrate granted the petition to the extent of determining that the father failed to comply with the support order, but that such failure was not willful, and directing the father to pay child support arrears in the sum of $3,092.14. In an order dated October 3, 2023, the Support Magistrate denied the father's motion, in effect, for a downward modification of his child support obligation.
Thereafter, the father filed objections to (1) so much of the order dated September 28, 2023, as directed him to pay child support arrears in the sum of $3,092.14, and (2) the order dated October 3, 2023. The father asserted, inter alia, that his child support obligation should have been limited to $50 per month and that his child support arrears should have been capped at $500 because his income fell below the poverty income guidelines for a single person as reported by the United States Department of Health and Human Services (see Family Ct Act § 413[1][d], [g]). In an order [*2]dated November 8, 2023, the Family Court denied the father's objections. The father appeals.
Contrary to the father's contention, the Family Court properly denied his objections. "'Upon an application to set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested'" (Matter of Camarda v Charlot, 182 AD3d 532, 533-534, quoting Family Ct Act § 451[1]; see Matter of Jean-Baptiste v Jean-Baptiste, 207 AD3d 630, 631). Here, the father's unsubstantiated assertions regarding his earnings were insufficient to establish his entitlement to a hearing as to whether his income fell below the poverty income guidelines amount or self-support reserve (see Family Court Act § 413[1][d], [g]; cf. Matter of Briggs v McKinney-Mays, 112 AD3d 622, 623).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court