■ In the Matter of PATRICK G. HITLIN, Appellant, v JANE H. TOWERS, Respondent.—Casey, J. P., Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered November 5, 1990, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify his support obligations.

Petitioner contends that Family Court failed to consider all appropriate factors in its application of the Child Support Standards Act (L 1989, ch 567) to calculate the child support to be paid to respondent for the support of the last of their unemancipated children, who resides with respondent. Pursuant to Family Court Act § 413 (1) (f), the court is required to order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, unless the court finds such share to be unjust or inappropriate. When the combined income is $80,000 or less, the basic child support obligation for one child is at least 17% of the combined parental income (Family Ct Act § 413 [1] [b] [1]; [c] [2]). In the case at bar, the only evidence concerning the combined parental income consists of the parties' sworn affidavits, which show petitioner's income to be $750 per week and respondent's income to be zero. The combined parental income, therefore, is $750 per week and the basic support obligation for one child is $127.50 per week ($750 × 17%). Inasmuch as petitioner's income is the same as the combined parental income, his pro rata share of the basic support obligation is $127.50 *(see,* Family Ct Act § 413 [1] [c] [2]).

Petitioner contends that Family Court erred in failing to take into account respondent's income, but as previously noted respondent's financial affidavit shows an income of zero. Petitioner characterizes the affidavit as incredible and contends that the court was obligated to inquire into the accuracy of the affidavit and to investigate whether respondent actually had any income. Although "the court may require that the income and/or expenses of either party be verified with documentation" (Family Ct Act § 413 [1] [j]), this authority is discretionary and the court does not have the obligation to investigate that petitioner seeks to impose upon it *(see,* Family Ct Act § 413 [1] [k]). It is significant that at the hearing, petitioner did not question either the veracity or the accuracy

of respondent's financial affidavit, nor did petitioner make any effort to question respondent regarding her income or assets. In these circumstances, we see no error in Family Court's conclusion that the combined parental income was the $750 per week earned by petitioner.

Petitioner next contends that Family Court erred in failing to find that his pro rata share of the basic child support obligation is unjust or inappropriate. The statute specifies the factors to be considered in making such a finding (Family Ct Act § 413 [1] [f]), and at the hearing petitioner did not seek to develop the record with respect to any of the specific factors listed in the statute, but focused instead on petitioner's lack of visitation with his children over the past few years. Although this might constitute one of the relevant factors the court could consider (see, Family Ct Act § 413 [1] [f] [10]), we find nothing in this record which compels the conclusion that petitioner's pro rata share of the child support obligations is unjust or inappropriate.

Petitioner's last contention is that Family Court erred in failing to take into consideration the parties' separation agreement. Family Court Act § 413 (1) (l) provides that the provisions of a separation agreement may be considered by the court as an additional factor in determining whether the noncustodial parent's pro rata share of the basic child support obligation is unjust or inappropriate. It is clear that the court was aware of the parties' separation agreement and, as already noted, we see no error in the court's decision not to reduce petitioner's share of the basic child support obligation as unjust or inappropriate.

As a final matter, we note that Family Court ordered petitioner to pay support of $117 per week for the parties' remaining unemancipated child, while the formula provided in Family Court Act § 413 yields a support obligation of $127.50. Inasmuch as respondent did not appeal the order, we will not increase the amount awarded therein.

Weiss, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.