In the Matter of DENNIS J. ZEVOTEK, Appellant, v ANN M. ZEVOTEK, Respondent. [684 NYS2d 56] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 10, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify the child support provisions of the parties' separation agreement.

By the terms of the parties' agreement, which acknowledged compliance with the Child Support Standards Act (Family Ct Act § 413), petitioner agreed to pay $900 per month for a period of 18 months as of August 1, 1993 and further acknowledged that his three children would receive Social Security benefits in addition thereto. After such time, either party could seek a review of the support award without a showing of a change in circumstances. On July 14, 1997, petitioner sought a downward modification of his support obligation and a pro rata distribution of the children's uninsured medical costs.

At the hearing, petitioner proffered his 1996 income tax

return which reported $26,445 in earned income. This included $12,646.08 from disability income, $13,416 from outside work and $383 from the taxable amount of his Social Security benefits, having also received $13,806 in such benefits (approximately $1,140 per month) during such time. Petitioner testified that the disability income emanates from two back injuries which currently limits his ability to work. Failing to proffer any medical evidence to support his current claim of total disability, petitioner did admit that income earned from his part-time employment for November 1996 and January 1997 through February 1997 reduced his monthly Social Security disability benefits since he earned more than $520 during those months.

Respondent testified to her income and the Social Security benefits received by the children commencing in the fall of 1993. Pursuant to the terms of their agreement, she averred that they were to share equally in the uninsured medical expenses and that despite the terms thereof, she only receives $600 per month from petitioner.

Notwithstanding the reduction of petitioner's Social Security benefits due to recoupment, the Hearing Examiner imputed income to him to reflect $1,140 per month in benefits, $991.85 per month in disability benefits and $520 per month in imputed earned income. After reducing the amount for FICA and Medicare, the combined parental income was determined and petitioner's pro rata share thereof, for the purpose of CSSA, was $757 per month. Upon the denial of his objections thereto, this appeal ensued.

In challenging the Hearing Examiner's imputation of income, we note that "a court need not rely upon a parent's own account of his or her finances in determining child support * * * and may * * * impute income 'based upon a prior employment experience * * * as well as such parent's future earning capacity in light of that party's educational background' " (*Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed, lv denied* 91 NY2d 829, quoting *Matter of Susan M. v Louis N.*, 206 AD2d 612, 613 [citations omitted]). Finding, as did Family Court, that petitioner's Social Security benefits were temporarily reduced because of earnings exceeding $520 per month, we find no abuse of discretion in imputing both the full amount of benefits and $520 per month in earned income since the record reflects, at a minimum, petitioner's capacity to earn such amount. With no medical evidence indicating a change in his earning capacity since February 1997 (*see, Matter of Lutsic v Lutsic*, 245 AD2d 637), the determination remains undisturbed.

Similarly without merit is petitioner's assertion that he was entitled to an offset due to the children's receipt of Social Security benefits. As noted in *Matter of Graby v Graby* (87 NY2d 605, 611), these benefits "are distinct from parental income and not intended in any way to be counted within the resources available to satisfy the parent's child support obligation". Intended "to supplement existing resources, and * * * not * * * to displace the obligation of the parent to support his or her children" (*id.*, at 611), they may only be considered by the court in its analysis of the basic child support obligation as " 'unjust or inappropriate' " (*id.*, at 611). Finding no basis which could support a deviation here and taking into consideration the negotiated provisions of the parties' separation agreement (*see, Matter of Hitlin v Towers*, 175 AD2d 382), the order of Family Court is affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.