■ In the Matter of JOHANN BUKOVINSKY, Appellant-Respondent, v LORI BUKOVINSKY, Respondent-Appellant. (And Another Related Proceeding.) [751 NYS2d 92] —Mercure, J. Cross appeals from an order of the Family Court of Sullivan County (Ledina, J.), entered August 17, 2001, which, inter alia, (1) granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support order, and (2) granted respondent's application, in a proceeding pursuant to Family Ct Act article 4, for a downward modification of a prior support order.

Pursuant to a 1997 judgment of divorce, petitioner was awarded physical custody of the parties' three children and respondent was ordered to pay child support in the amount of $100 per week. As is relevant here, respondent was diagnosed in September 1998 as suffering from a depressive illness

(dysthymic disorder), with major depressive episodes, and from generalized anxiety disorder. Respondent thereafter petitioned for a downward modification of her child support obligation on the ground that she was medically unable to work, and petitioner subsequently petitioned for a finding that respondent willfully violated prior support orders. Family Court denied respondent's modification petition, by order dated April 13, 1999, after finding that she was able to work in some capacity, albeit not in her prior profession as a nurse, and found respondent in willful violation of prior support orders.

In July 1999, respondent was hospitalized for mental illness and, upon her release, she applied for Social Security disability benefits and again petitioned for modification of her child support obligation. Petitioner thereafter filed a willful violation petition against respondent, and the two pending petitions were joined for trial. After considering the testimony of each party's medical expert, and respondent's receipt of Social Security disability benefits, the Hearing Examiner found that respondent's medical condition did not render her unable to work, imputed an income of $7.50 per hour or $300 per week, and reduced her child support obligation to $60.26 per week. The Hearing Examiner also found that respondent willfully violated prior support orders and imposed a six-month suspended "daytime jail sentence." Both parties timely objected, and Family Court sustained all of the Hearing Examiner's findings, except the determination to impute income at a rate of $7.50 per hour, and remitted for recalculation of respondent's support obligation based on the current minimum wage. Both parties appeal.

Initially, in view of respondent's hospitalization and the medical experts' agreement that respondent can no longer work as a nurse, we find that respondent demonstrated sufficient changed circumstances since Family Court's April 1999 order to warrant modification of her child support obligation (cf. *Matter of Mulligan v Mulligan*, 291 AD2d 677, 679; *Matter of Cohen v Hartmann*, 285 AD2d 675, 675). To that end, the Hearing Examiner credited the opinion of petitioner's medical expert that respondent was capable of some work over the opinion of respondent's treating psychiatrist that she cannot sustain employment, and concluded that respondent was capable of working in some capacity, such as a retail clerk or receptionist. Respondent, however, contends that the Social Security Administration's determination that she is disabled and entitled to disability benefits precludes a Family Court finding that she is capable of work. We disagree. It is well settled that the determination of one administrative agency is not binding

on another agency considering the same question under a different statute (*see e.g. Matter of Keller v Regan*, 212 AD2d 856, 858) and, in view of the expert medical testimony, we see no abuse of discretion in the Hearing Examiner's determination that respondent is capable of working in some capacity (*see Matter of Zevotek v Zevotek*, 257 AD2d 888, 889).

We also reject the claim that the disability benefits received by the children should be credited against respondent's modified child support obligation. These benefits are properly viewed as resources of the children rather than of their parent (*see Matter of Graby v Graby*, 87 NY2d 605, 611; *Matter of Cohen v Hartmann, supra* at 675-676; *Matter of Zevotek v Zevotek, supra* at 890). Finally, Family Court properly found that respondent willfully violated prior child support orders because there was uncontroverted evidence that she has not met her child support obligation in recent years and she did not meet her burden to prove that she is unable to pay (*see Matter of Powers v Powers*, 86 NY2d 63, 69; *Matter of Nickerson v Bellinger*, 258 AD2d 688, 688). Under the circumstances of this case, we see no reason to disturb Family Court's decision to limit the sanction for this violation to a suspended sentence. We have considered the parties' other contentions and found them to be unavailing.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.