■ In the Matter of DANIEL E. MADURA, JR., Appellant, v NATALIE NASS, Respondent. [756 NYS2d 890] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County

(Kiedaisch, J.), entered April 22, 2002, which denied his objections to an order of the same court (Braxton, H.E.), entered January 24, 2002, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

The Family Court providently exercised its discretion in denying the father's objections to the order of the hearing examiner, which denied his petition for downward modification of his child support obligation. "Although a petition for downward modification of child support may be granted when a party loses his or her job, it may be denied when the moving party has not made a good faith effort to obtain employment commensurate with his or her qualifications" (*Matter of Musumeci v Musumeci,* 295 AD2d 516 [2002]). The father failed to establish due diligence in trying to find another job (*see Matter of Austein-Gillman v Gillman,* 292 AD2d 524 [2002]). Moreover, it is well settled that "[a] parent's child support obligation is not necessarily determined by his or her current financial condition" (*Orlando v Orlando,* 222 AD2d 906, 907 [1995]), but rather by his or her ability to provide support (*see* Family Ct Act § 413 [1] [a]; *Matter of Zwick v Kulhan,* 226 AD2d 734 [1996]; *Matter of Darling v Darling,* 220 AD2d 858, 859 [1995]; *Matter of Susan M. v Louis N.,* 206 AD2d 612, 613 [1994]). The Family Court properly attributed income to the father based upon his proven earning potential as indicated by his past professional experience and educational background. Therefore, he was not entitled to a downward modification of his child support obligation.

The father's argument that his child support obligation reduces his income below the "self-support reserve" (Family Ct Act § 413 [1] [b] [6]), is raised for the first time on appeal. In any event, the record is devoid of evidence sufficient to substantiate this contention (*see* Family Ct Act § 413 [1] [d]; *Matter of Mammone v Yellen,* 224 AD2d 883, 886 [1996]). S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.