■ In the Matter of KAREN MCCARTHY, Respondent, v THOMAS MCCARTHY, Appellant. [769 NYS2d 590]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered May 5, 2003, which denied his objections to an order of the same court (Rodriguez, H.E.), entered February 4, 2003, which, after a hearing, denied his application for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

The father correctly contends that the Family Court mistakenly read the Hearing Examiner's order as temporarily suspending his child support obligation until he was able to return to work, when in fact it merely suspended enforcement of a prior child support order, and permitted the accumulation of arrears during the father's period of disability. Nevertheless, we affirm the Family Court's order denying the father's objections to the Hearing Examiner's order, which denied his petition for a downward modification of child support. Although a petition for downward modification of child support may be granted when a party loses his or her job due to an injury, it may be denied when the moving party has the ability to provide support through some other type of employment (*see Matter of Madura v Nass,* 304 AD2d 579 [2003]). Here, although there was sufficient evidence to establish that the father was currently physically unable to return to his work as a security manager, there was no medical evidence that he was also unable to perform other work. Accordingly, the father was not entitled to a downward modification of child support. Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.