In the Matter of Yvonne G. Barrett, Petitioner, v John Pickett, Respondent. [772 NYS2d 860]—

In a child support proceeding pursuant to Family Court Act

article 4, the father appeals from an order of the Family Court, Kings County (Turbow, J.), dated December 2, 2002, which, in effect, confirmed a determination of the same court (Mayeri, H.E.), dated October 21, 2002, finding, after a hearing, inter alia, that he willfully violated an order of support dated May 24, 1999, in effect, adjudicated him in contempt, and thereupon committed him to the New York City Department of Corrections for a term of incarceration of three months.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court correctly confirmed the Hearing Examiner's determination that the father willfully violated the support order. The proof before the Hearing Examiner of the father's failure to pay child support as ordered constituted "prima facie evidence of a willful violation" of the support order (Family Ct Act § 454 [3] [a]; see Matter of Johnson v Johnson, 1 AD3d 599 [2003]). The burden of going forward then shifted to the father "to offer some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). The father failed to present any credible evidence that he was financially unable to meet his obligation (see Matter of Johnson v Johnson, supra; Matter of Commissioner of Social Servs. [Edwards] v Rosen, 289 AD2d 487 [2001]; Matter of Fallon v Fallon, 286 AD2d 389 [2001]).

The Hearing Examiner, who had the opportunity to see and hear the witnesses, rejected the father's claim that his Social Security benefits were his sole source of income and that he was unemployable due to physical disability, and those findings are entitled to great deference on appeal (see Matter of Gayle v Counts, 302 AD2d 521 [2003]; Matter of Andre v Brumaire, 299 AD2d 355 [2002]; Matter of Cattell v Cattell, 254 AD2d 357 [1998]; Matter of Stone v Stone, 236 AD2d 615 [1997]).

The father's remaining contentions are without merit. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.