■ In the Matter of MARGARET MATEER, Appellant-Respondent, v PETER FIELD, Respondent-Appellant. [789 NYS2d 193]—

In a child support proceeding pursuant to Family Court article 4, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Suffolk County (Blass, J.), entered October 4, 2002, as, after a hearing, granted in part the father's objections to an order of the same court (Raimondi, H.E.), dated May 15, 2002, inter alia, in effect, directing him to pay 100% of the college tuition and other college expenses for the parties' daughter, as provided in a prior agreement between the parties, and setting arrears and a payment schedule, and

directed the father to pay only 50% of the college tuition and other college expenses for the parties' daughter, and (2) an amended order of the same court (Buetow, H.E.), entered April 3, 2003, as reduced the father's arrears payments from $5,249.75 to $3,090, and the father cross-appeals from so much of the order entered October 4, 2002, as directed him to pay 50% of the college tuition and other college expenses for the parties' daughter.

Ordered that the order entered October 4, 2002, is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and the amended order entered April 3, 2003, and so much of the order of the Hearing Examiner dated May 15, 2002, as, in effect, directed the father to pay 100% of the college tuition and other college expenses of the parties' daughter and set arrears and a payment schedule are vacated; and it is further,

Ordered that the appeals from the order and amended order are dismissed as academic, without costs or disbursements, in light of our determination; and it is further,

Ordered that the matter is remitted to the Family Court, Suffolk County, for a determination in accordance herewith of the issue of the allocation of college tuition and other college expenses as between the parties.

The Family Court properly found that the parties' separation agreement, which was to be construed in accordance with the laws of the State of New Jersey, and which obligated the father to pay for the child's college tuition and for half of her other college expenses, could not be enforced due to the failure of the mother and child to allow the father to participate in the college selection process (*see Moss v Nedas,* 289 NJ Super 352, 674 A2d 174 [1996]; *cf. Hoefers v Jones,* 288 NJ Super 590, 672 A2d 1299 [1994], *affd* 288 NJ Super 478, 672 A2d 1177 [1996]). However, such result may not relieve the father of his obligation to contribute to the college tuition and other college expenses of the child.

In this regard, the Family Court had insufficient information before it to make an appropriate apportionment of responsibility in accordance with the laws of the State of New Jersey. Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a new hearing to determine, under the laws of the State of New Jersey (*see Hoefers v Jones, supra*), the proper allocation of responsibility between the parties for college tuition and other college expenses (*see Gac v Gac,* 351 NJ Super 54, 796 A2d 951 [2002]; *Rush v Rush,* 2004 WL 1221930 [NJ Super Ct, Apr. 5, 2004]). Adams, J.P., Smith, Crane and Lifson, JJ., concur.