In the Matter of KEVIN W. Cox, Appellant, v JULIE A. Cox, Also Known as JULIE A. SHAUGHNESSY, Respondent. [799 NYS2d 147]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Buse, S.M.), entered August 22, 2003, which, after a hearing, dismissed, without prejudice, his petition for a downward modification of his child support obligation, the objections to which were denied pursuant to Family Court Act § 439 (e) by order of the Family Court, Suffolk County (Dounias, J.), entered October 24, 2003.

Ordered that the order is reversed, on the law, without costs

or disbursements, the objections are sustained, the order entered October 24, 2003, is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

A court may modify a child support order derived from a stipulation of settlement that is incorporated but not merged in a judgment of divorce upon a showing that there has been an unreasonable and unanticipated change in circumstances justifying the modification (*see Matter of Brescia v Fitts,* 56 NY2d 132, 138 [1982]; *Matter of Davis v Davis,* 13 AD3d 623, 623 [2004]; *Matter of Yepes v Fichera,* 230 AD2d 803, 804 [1996]). "[A] parent's loss of employment," if unanticipated, "may constitute a change of circumstances warranting a downward modification where he or she has diligently sought reemployment" (*Matter of Yepes v Fichera, supra* at 804; *see Matter of Davis v Davis, supra* at 624; *Matter of Meyer v Meyer,* 205 AD2d 784, 784 [1994]).

The Family Court erred in concluding that the father's loss of employment was not an unanticipated change of circumstances. There was no evidence in the record from which the Family Court could reasonably conclude that the father should have anticipated the loss of his most recent employment because he had been terminated from his previous position. Since the Family Court's finding that there was no unanticipated change in circumstances made it unnecessary to reach the issue of the father's diligent search for new employment commensurate with his qualifications and experience, which he must also prove in order to sustain his burden (*see Matter of McCarthy v McCarthy,* 2 AD3d 735 [2003]; *Matter of Madura v Nass,* 304 AD2d 579, 580 [2003]; *Matter of Musumeci v Musumeci,* 295 AD2d 516 [2002]), we remit the matter to the Family Court for further proceedings regarding the father's efforts to obtain new employment.

In light of our determination, it is unnecessary to reach the father's remaining contentions. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.