In the Matter of ALPHONSE MARRALE, Appellant, v JUDITH MARRALE, Respondent. [843 NYS2d 407]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Richmond County (Porzio, J), dated October 21, 2005, which denied his objections to an order of the same court (Weir-Reeves, S.M.), dated July 5, 2005, which, after a hearing, inter alia, granted his petition for downward modification of his child sup-

port obligation only to the extent of reducing his obligation to the sum of $184 per week commencing April 1, 2005, and (2) an order of the same court (McElrath, J.), dated January 18, 2006, which denied his objections to an order of the same court (Weir-Reeves, S.M.), dated November 23, 2005, which, after a hearing, dismissed his subsequent petition for downward modification of his child support obligation.

Ordered that the order dated October 21, 2005, is modified, on the law and the facts, by deleting the provision thereof denying the father's objection to so much of the order dated July 5, 2005, as denied that branch of the petition which was for downward modification of his child support obligation for the period of November 6, 2003, through June 1, 2004, and substituting therefor a provision sustaining that objection and granting that branch of the petition to the extent of reducing his child support obligation for the period of November 6, 2003, through June 1, 2004, to the sum of $50 per month; as so modified, the order dated October 21, 2005, is affirmed, without costs or disbursements, and the order dated July 5, 2005, is modified accordingly; and it is further,

Ordered that the order dated January 18, 2006, is affirmed, without costs or disbursements.

The mother and father have two children. The mother petitioned for child support. In October 2002 a support order was entered upon the father's default, requiring him to pay a total of $291 per week in child support.

The father petitioned for downward modification of the support order, alleging, inter alia, that he was unable to work because he was disabled, that he had been receiving disability benefits from the Social Security Administration (hereinafter SSA) since a work accident in 1996 rendered him disabled, and that the children's receipt of SSA benefits as a result of his disability should have been considered in calculating his support obligation.

In August 2003 the father enrolled in Park Ridge Chemical Dependency, a drug rehabilitation center, for treatment of his addiction to pain medication, and took up residence in East House, a level II "halfway" house. He lived in East House until June 1, 2004.

In or around April 2005, the father obtained a job. In an order dated July 5, 2005, the Support Magistrate found that he had established a change in circumstances, and modified his child support obligation to $184 per week, effective April 2005. The Support Magistrate also, inter alia, reinstated the prior order of support at $291 per week for the period November 6,

2003, through March 25, 2005. The father objected to this order, and, in an order dated October 21, 2005, the Family Court denied his objections.

On September 15, 2005, the father again petitioned for a downward modification, alleging that he had lost his job. The Support Magistrate, finding that he did not submit sufficient proof of his job search, directed the entry of another order on November 23, 2005, dismissing the father's downward modification petition for failure to state a cause of action. The father objected to that order. The Family Court denied his objections in an order dated January 18, 2006.

The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Carr v Carr*, 187 AD2d 407, 408 [1992]; *Mitchell v Mitchell*, 170 AD2d 585, 585 [1991]). Although a prior order of child support may be modified upon a showing of a substantial change in circumstances, a party who causes his own inability to pay support is not entitled to a downward modification of support payments (*see Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003 [1994]; *cf. Hickland v Hickland*, 39 NY2d 1, 5 [1976], *cert denied* 429 US 941 [1976]). Although a petition for downward modification of child support may be granted when a party loses his or her job due to an injury, it may be denied when the moving party has the ability to provide support through some other type of employment (*see Matter of McCarthy v McCarthy*, 2 AD3d 735 [2003]; *Matter of Madura v Nass*, 304 AD2d 579, 580 [2003]).

Here, the father failed to show that he was unable to perform work in any capacity during the period June 1, 2004, through March 25, 2005 (*see Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788 [2002]). Accordingly, the father was not entitled to a downward modification of child support during that period. Further, even though the father was receiving Social Security disability benefits, the SSA determination that he was disabled and entitled to disability benefits does not preclude a Family Court finding that he was capable of work (*see Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786 [2002]). Moreover, the support amount of $291 per week was not "unjust or inappropriate" during this time period (Family Ct Act § 413 [1] [f]; *see Matter of Graby v Graby*, 87 NY2d 605, 609 [1996]).

However, during the period beginning August 2003 and ending June 1, 2004, the father lived in East House, which required that he participate in self-help meetings, participate in at least 20 hours per week of "recovery oriented" activities, share chores and cooking responsibilities in the house, and keep a curfew of

10:00 P.M. each night. Additionally, he attended a drug rehabilitation program at Park Ridge Chemical Dependency during that time. Therefore, since the father established that he was unable to work during this time, the Support Magistrate should have modified his support obligation during the period November 6, 2003, to June 1, 2004, to $50 per month (see Family Ct Act § 413 [1] [d], [g]).

The support obligation of $184 per week starting in April 2005 was appropriate, based on the father's employment income and remaining disability payments (see Family Ct Act § 413 [1] [c]).

With respect to the father's subsequent petition for downward modification, although a loss of employment can constitute a change in circumstances warranting a downward modification of child support (see Matter of Morena v Morena, 267 AD2d 388, 389 [1999]), the father failed to present competent proof that he used his best efforts to obtain employment commensurate with his qualifications and experience (see Matter of Muselevichus v Muselevichus, 40 AD3d 997, 999 [2007]; Matter of Heyward v Goldman, 23 AD3d 468, 469 [2005]; Matter of D'Altilio v D'Altilio, 14 AD3d 701 [2005]). Accordingly, the Family Court properly denied his objections to the Support Magistrate's dismissal of his petition for downward modification dated September 15, 2005. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.