■ In the Matter of JOHN KARAGIANNIS, Appellant, v ANDRIANA KARAGIANNIS, Respondent. [901 NYS2d 669]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated April 13, 2009, which denied his objections to an order of the same court (Livrieri, S.M.), dated November 3, 2008, which, after a hearing, dismissed his petition, inter alia, for a downward modification of child support.

Ordered that the order dated April 13, 2009, is affirmed, with costs.

The child support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce should not be disturbed unless there has been a substantial and unanticipated change in circumstances since the entry of the judgment of divorce (*see Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]; *Matter of Ripa v Ripa*, 61 AD3d 766 [2009]; *Schlakman v Schlakman*, 38 AD3d 640, 641 [2007]; *Beard v Beard*, 300 AD2d 268 [2002]). The party seeking to modify such child support provisions has the burden of establishing that a modification is warranted (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009], *lv denied* 14 NY3d 710 [2010]; *Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007]; *Schlakman v Schlakman*, 38 AD3d at 641). A "substantial" deterioration in the financial situation of the party seeking modification between the time of the order and the time a modification is sought may, in some instances, constitute a sufficient change in circumstances to warrant a downward modification (*see Matter of Mandelowitz v Bodden*, 68 AD3d at 874; *Matter of Talty v Talty*, 42 AD3d 546, 547 [2007]). Nevertheless, although a petition for downward modification of child support may be granted based on a parent's loss of employment due to an injury or illness, it may be denied when the parent still has the ability to provide support through some other type of employment (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of McCarthy v McCarthy*, 2 AD3d 735 [2003]; *Matter of Madura v Nass*, 304 AD2d 579, 580 [2003]). Thus, a party seeking modification on the basis of loss of employment due to illness must show that he or she has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications (*id.*). On appeal, credibility determinations of the hearing court are entitled to great weight and will not be disturbed if supported by the record (*see Matter of Piernick v Nazinitsky*, 48 AD3d 690 [2008]; *Matter of Wilkins v Wilkins*, 47 AD3d 823, 824 [2008]; *Matter of Barrett v Pickett*, 5 AD3d 591, 592 [2004]).

Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his support obligation. He testified that he was diagnosed with cancer in December 2007, and that he was unable to work after that time due to his illness and treatment. However, he sought reduction of his obligation commencing only in May 2008, when he filed his petition. In this regard, he testified that he completed chemotherapy one month after he filed his petition, and he fur-

ther testified that his cancer was in remission. Further, the record supports the Support Magistrate's determination that the father failed to present credible evidence at the hearing that his symptoms or condition at the time of the petition and hearing prevented him from working. Under the circumstances of this case and, contrary to the father's contention, the evidence that he was receiving Social Security disability benefits did not, by itself, preclude the Family Court from finding that he was capable of working (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788 [2002]). Further, there is support in the record for the Support Magistrate's finding that the father failed to submit credible evidence as to his actual income. Accordingly, the Family Court did not err in denying the father's objections to the order of the Support Magistrate finding that the father failed to establish a substantial change in circumstances based upon his illness and loss of income that would warrant the relief sought in the petition (*see Matter of Mandelowitz v Bodden*, 68 AD3d at 974-875; *Matter of Perrego v Perrego*, 63 AD3d 1072, 1073 [2009]; *Matter of Piernick v Nazinitsky*, 48 AD3d at 690; *Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d at 787-788).

Finally, the Family Court properly denied the father's objection to the order of the Support Magistrate denying that branch of his petition which was for an order declaring the parties' older child emancipated. The father failed to establish that the older child was emancipated, pursuant to the terms of the parties' stipulation of settlement (*see Matter of Calabro v Calabro*, 297 AD2d 808 [2002]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.