In the Matter of STELLA ARANOVA, Respondent, v DIMITRIY ARANOV, Appellant. In the Matter of DIMITRIY ARANOV, Appellant, v STELLA ARANOVA, Respondent. [909 NYS2d 125]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Richroath, J.), dated July 1, 2009, which denied his objections to an order of the same court (Kirshblum, S.M.), dated March 27, 2009, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court may modify a prior order or judgment of child support or maintenance payments upon a showing of a "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b]; see Matter of Sannuto v Sannuto, 21 AD3d 901 [2005]; Klapper v Klapper, 204 AD2d 518 [1994]; Dowd v Dowd, 178 AD2d 330 [1991]). The party seeking to modify such child support provisions has the burden of establishing that a modification is warranted (see Matter of Mandelowitz v Bodden, 68 AD3d 871 [2009]; Matter of Marrale v Marrale, 44 AD3d 773 [2007]). A substantial deterioration in the financial situation of the party seeking modification between the time of the order and the time a modification is sought may, in some instances,

constitute a sufficient change in circumstances to warrant a downward modification (*see Matter of Mandelowitz v Bodden,* 68 AD3d at 874; *Matter of Talty v Talty,* 42 AD3d 546 [2007]). Nevertheless, although a petition for downward modification of child support may be granted based on a parent's loss of employment due to an injury or illness, it may be denied when the parent still has the ability to provide support through some other type of employment (*see Matter of Marrale v Marrale,* 44 AD3d at 775; *Matter of McCarthy v McCarthy,* 2 AD3d 735 [2003]; *Matter of Madura v Nass,* 304 AD2d 579 [2003]). Thus, a party seeking modification on the basis of loss of employment due to illness must show that he or she has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications (*see Matter of Marrale v Marrale,* 44 AD3d at 775; *Matter of McCarthy v McCarthy,* 2 AD3d 735 [2003]; *Matter of Madura v Nass,* 304 AD2d 579 [2003]). On appeal, credibility determinations of the hearing court are entitled to great weight and will not be disturbed if supported by the record (*see Matter of Piernick v Nazinitsky,* 48 AD3d 690 [2008]; *Matter of Wilkins v Wilkins,* 47 AD3d 823 [2008]; *Matter of Barrett v Pickett,* 5 AD3d 591 [2004]).

Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his support obligation. He testified that he was disabled due to a mental health condition and that he was unable to work due to his illness. However, the father was working for a period of time during which he alleged that he was disabled. The record supports the Support Magistrate's determination that the father failed to present credible evidence at the hearing that his symptoms or condition at the time of the petition and hearing prevented him from working. Under the circumstances of this case and, contrary to the father's contention, the evidence that he was receiving Social Security disability benefits did not, by itself, preclude the Family Court from finding that he was capable of working (*see Matter of Marrale v Marrale,* 44 AD3d at 775; *Matter of Bukovinsky v Bukovinsky,* 299 AD2d 786 [2002]). Further, there is support in the record for the Support Magistrate's finding that the father failed to set aside money from a legal settlement for the support of the children. Accordingly, the Family Court did not err in denying the father's objections to the order of the Support Magistrate finding that the father failed to establish a substantial change in circumstances based upon his illness and loss of income that would warrant the relief sought in the petition (*see Matter of Mandelowitz v Bodden,* 68 AD3d at 874-875; *Matter of Perrego v Perrego,* 63 AD3d 1072 [2009]; *Matter of Piernick v Nazinitsky,* 48 AD3d at 690; *Matter of Marrale v*

*Marrale*, 44 AD3d at 775; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d at 787-788). Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.