■ In the Matter of LOUIS RODRIGUEZ, JR., Appellant, v NORMA MENDOZA-GONZALEZ, Respondent. [946 NYS2d 204]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated September 27, 2011, which denied his objections to an order of the same court (Miller, S.M.), dated July 11, 2011, which, after a hearing, dismissed his petition for a downward modification of his child support obligation.

Ordered that the order dated September 27, 2011, is affirmed, without costs or disbursements.

The Family Court may modify a prior order or judgment of child support or maintenance payments upon a showing of a "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Matter of Sannuto v Sannuto*, 21 AD3d 901 [2005]; *Klapper v Klapper*, 204 AD2d 518 [1994]; *Dowd v Dowd*, 178 AD2d 330 [1991]). The party seeking to modify such child support provisions has the burden of establishing that a modification is warranted (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871 [2009]; *Matter of Marrale v Marrale*, 44 AD3d 773 [2007]). A substantial deterioration in the financial situation of the party seeking modification between the time of the order and the time a modification is sought may, in some instances, constitute a sufficient change in

circumstances to warrant a downward modification (*see Matter of Mandelowitz v Bodden*, 68 AD3d at 874; *Matter of Talty v Talty*, 42 AD3d 546 [2007]). Nevertheless, although a petition for downward modification of child support may be granted based on a party's loss of employment due to an injury or illness, it may be denied when the party still has the ability to provide support through some other type of employment (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of McCarthy v McCarthy*, 2 AD3d 735 [2003]; *Matter of Madura v Nass*, 304 AD2d 579 [2003]). Thus, a party seeking modification on the basis of loss of employment due to illness must show that he or she is incapable of working or has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of McCarthy v McCarthy*, 2 AD3d at 735; *Matter of Madura v Nass*, 304 AD2d 579 [2003]). On appeal, credibility determinations of the hearing court are entitled to deference (*see Matter of Piernick v Nazinitsky*, 48 AD3d 690 [2008]; *Matter of Wilkins v Wilkins*, 47 AD3d 823 [2008]; *Matter of Barrett v Pickett*, 5 AD3d 591 [2004]).

Here, the father failed to establish a substantial change in circumstances warranting a downward modification of his support obligation. He testified that he was disabled as a result of a car accident and that he was unable to work due to his disability. However, the father failed to present credible evidence that his symptoms or condition at the time of the petition and hearing prevented him from working. Contrary to the father's contention, and under the circumstances of this case, the evidence that he was receiving Social Security disability benefits did not, by itself, preclude the Family Court from finding that the father failed to establish that he was incapable of working (*see Matter of Aranova v Aranov*, 77 AD3d 740, 740-742 [2010]; *Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786 [2002]). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.