■ In the Matter of Susan Gavin, Appellant, v Lawrence J. Worner, Respondent. [978 NYS2d 90]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Orange County (Kiedaisch, J.), dated January 7, 2013, which denied her objections to an order of the same court (Krahulik, S.M.), dated November 5, 2012, which, after a hearing, denied her petition for a downward modification of her child support obligation.

Ordered that the order dated January 7, 2013, is affirmed, without costs or disbursements.

The Family Court may modify a prior order of child support upon a showing of a "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Matter of Rodriguez v Mendoza-Gonzalez*, 96 AD3d 766, 766 [2012]; *Matter of Sannuto v Sannuto*, 21 AD3d 901, 902-903 [2005]). The party seeking to modify a child support order has the burden of establishing that a modification is warranted (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]; *Matter of*

*Marrale v Marrale*, 44 AD3d 773 [2007]). Although a petition for downward modification of child support may be granted based on a party's loss of employment due to an injury or illness, it may be denied when the moving party still has the ability to provide support through some other type of employment (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of McCarthy v McCarthy*, 2 AD3d 735 [2003]; *Matter of Madura v Nass*, 304 AD2d 579, 580 [2003]). Thus, a party seeking modification on the basis of loss of employment due to illness must show that he or she is incapable of working or has made a good faith effort to obtain other employment commensurate with his or her abilities or qualifications (*see Matter of Marrale v Marrale*, 44 AD3d at 775; *Matter of McCarthy v McCarthy*, 2 AD3d at 735; *Matter of Madura v Nass*, 304 AD2d at 580). The credibility determinations of the hearing court are entitled to great weight on appeal and will not be disturbed if supported by the record (*see Matter of Piernick v Nazinitsky*, 48 AD3d 690 [2008]; *Matter of Wilkins v Wilkins*, 47 AD3d 823, 824 [2008]; *Matter of Barrett v Pickett*, 5 AD3d 591 [2004]).

Here, the mother failed to establish that a substantial change in circumstances had occurred since the entry of the prior child support order warranting a downward modification of her support obligation. She testified that she was disabled as a result of spinal stenosis and that she was unable to work due to her disability. However, she failed to present credible evidence that her symptoms or condition at the time of the petition and hearing prevented her from working. Contrary to the mother's contention, the evidence that she was receiving Social Security disability benefits did not, by itself, preclude the Family Court from finding that the mother failed to establish that she was incapable of working (*see Matter of Aranova v Aranov*, 77 AD3d 740, 740-742 [2010]; *Matter of Marrale v Marrale*, 44 AD3d at 775).

The mother's remaining contentions are without merit.

Accordingly, the Family Court did not err in denying the mother's objections to the order of the Support Magistrate finding that the mother failed to establish a substantial change in circumstances based upon her illness and loss of income that would warrant the relief sought in the petition (*see Matter of Aranova v Aranov*, 77 AD3d at 741-742; *Matter of Perrego v Perrego*, 63 AD3d 1072 [2009]; *Matter of Piernick v Nazinitsky*, 48 AD3d at 690; *Matter of Marrale v Marrale*, 44 AD3d at 775). Mastro, J.P., Lott, Austin and Roman, JJ., concur.