■ In the Matter of ANTHONY S., Respondent, v MONIQUE T.B., Appellant. In the Matter of ANTHONY S., Respondent, v MONIQUE T.B., Appellant. In the Matter of MONIQUE T.B., Appellant, v ANTHONY S., Respondent. [50 NYS3d 342]—

Order, Family Court, Bronx County (Alicea Elloras, J.), entered on or about February 29, 2016, which, to the extent appealed from, awarded respondent mother child support in the amount of $388 per month, unanimously reversed, on the law and the facts, without costs, the award vacated, and the

matter remanded for a new child support determination consistent with this decision. Order, same court and Judge, entered on or about April 4, 2016, which denied the mother's motion to dismiss the father's modification petition, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about February 29, 2016, which denied the mother's motion for attorney's fees, unanimously dismissed, without costs, as superseded by order, same court and Judge, entered on or about April 6, 2016, which, upon reargument, granted the mother's motion for attorney's fees to the extent of awarding fees in the amount of $250.

Family Court improvidently exercised its discretion in not imputing to the father as income the $500 per month he was earning from his part-time employment in 2012 solely on the basis of Family Ct Act § 437-a, which bars the Family Court from requiring a recipient of social security disability benefits to engage in certain employment related activities. That statute is not dispositive in this case where the father had been employed during the pendency of his social security disability benefits application and did not show that he was unable to continue to be employed in any capacity after he began receiving benefits (*see Matter of Gavin v Worner*, 112 AD3d 928, 929 [2d Dept 2013]; *Matter of Mandelowitz v Bodden*, 68 AD3d 871 [2d Dept 2009], *lv denied* 14 NY3d 710 [2010]; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788 [3d Dept 2002], *lv dismissed* 100 NY2d 534 [2003]). Accordingly, the matter is remanded for a new determination as to the amount of child support, including a new determination as to whether the $500 per month should be imputed to the father.

Family Court providently exercised its discretion in denying the mother's CPLR 3126 motion to dismiss the father's modification petition. The paternal grandmother and the parties' eldest daughter are not parties to the proceeding and there is no evidence that they were under the father's control (*see Fox v Fox*, 9 AD3d 549, 550 [3d Dept 2004]). The parties' daughter was 19 years old and was represented by her own counsel at the time of the motion. Accordingly, there is no basis to sanction the father for the alleged discovery violations of the paternal grandmother and the parties' daughter (*see id.*; *see also* CPLR 3126).

Although this Court may review the order awarding attorney's fees upon reargument of the mother's motion for such fees (*see* CPLR 5517 [b]), we decline to review the order because neither the original records nor the appendices submitted on appeal contain the mother's motion to reargue or the father's

opposition papers (*see Kenan v Levine & Blit, PLLC*, 136 AD3d 554, 555 [1st Dept 2016]). Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ.