Matter of Anthony S. v Monique T.B. (2018 NY Slip Op 08241)





Matter of Anthony S. v Monique T.B.


2018 NY Slip Op 08241


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7772 6820F/14

[*1]In re Anthony S., Petitioner-Respondent,
v
Monique T.B., Respondent-Appellant.


Orrick, Herrington & Sutcliffe LLP, New York (René Kathawala of counsel), for appellant.
Goetz L. Vilsaint, Bronx, for respondent.



Order, Family Court, Bronx County (Lisa S. Headley, J.), entered on or about April 30, 2018, which, upon granting respondent's objection to a Support Magistrate's order awarding retroactive child support to petitioner, remanded the matter to the Support Magistrate for further proceedings "necessary for discovery and to prove facts," unanimously affirmed, without costs.
Respondent objected to the award of child support to petitioner on the ground that petitioner failed to establish that he was the custodial parent. She argues that, upon granting her objection, Family Court should have dismissed the petition, not remanded to give petitioner a second chance to prove his status. However, respondent does not dispute that she was the non-custodial parent of the subject child after March 2014 and that she had an obligation to support the child until the child reached the age of 21, in September 2017 (see Family Court Act § 413), and she did not object to the amount of retroactive child support awarded by the Support Magistrate for that period. Thus, accepting her argument that dismissal is required would release respondent from her undisputed support obligation, to the child's detriment, on the ground that petitioner lacked standing to file a support petition for the child's benefit (but see Family Court Act § 422[a] ["a parent or guardian, of a child, or other person in loco parentis, . . . may file a petition in behalf of a dependent relative"]).
Contrary to respondent's argument, Family Court has the authority to remand an issue of fact to the Support Magistrate (Family Court Act § 439[e][i]). We find that the court providently exercised its discretion in the interests of justice in remanding the matter for further proceedings to determine whether petitioner was a custodial parent or otherwise a proper party to file a support petition on behalf of the child (see Family Court Act § 422; Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [3d Dept 2008]; see generally Matter of Mateer v Field, 14 AD3d 564 [2d Dept 2005]; Weckstein v Breitbart, 111 AD2d 6, 8 [1st Dept 1985]).
The court providently exercised its discretion in upholding the Support Magistrate's denial of respondent's motion to dismiss the petition as a sanction for petitioner's failure to comply with discovery under CPLR 3126. The court properly rejected respondent's objection that the Support Magistrate erred in failing to draw a negative inference against petitioner based on his decision not to testify (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]). The court also properly declined to draw a negative inference based on the failure of the paternal grandmother to testify or the failure of the elder child to return from her upstate college to complete her testimony, since, as we observed in a prior appeal, neither the [*2]grandmother nor the daughter is a party to this proceeding, and there is no evidence that either is under petitioner's control (Matter of Anthony S. v Monique T.B., 148 AD3d 596 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK