Matter of Zhuo Hong Zheng v Hsin Cheng (2019 NY Slip Op 00287)





Matter of Zhuo Hong Zheng v Hsin Cheng


2019 NY Slip Op 00287


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-05387
2017-07777
 (Docket No. F-14026-11/15D)

[*1]In the Matter of Zhuo Hong Zheng, respondent,
v
Hsin Cheng, appellant.


Michael D. Carlin, Brooklyn, NY, for appellant.
Patrick R. Garcia, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated April 3, 2017, and (2) an order of the same court dated July 12, 2017. The order dated April 3, 2017, denied the father's objections to three orders of the same court (Elizabeth Shamahs, S.M.) dated June 26, 2013, April 18, 2014, and November 25, 2016, respectively, which, after hearings, directed the father to pay the sum of $426.70 per month in child support, denied the father's motion for a downward modification of his child support obligation, and denied the father's motions to vacate the order dated June 26, 2013. The order dated July 12, 2017, denied the father's objections to an order of the same court (Elizabeth Shamahs, S.M.) dated May 1, 2017, which, after a hearing, denied the father's second motion for a downward modification of his child support obligation.
ORDERED that the orders dated April 3, 2017, and July 12, 2017, are affirmed, without costs or disbursements.
The mother commenced this proceeding pursuant to Family Court Act article 4, seeking child support from the father for the parties' child. The hearing date was adjourned to give the father an opportunity to hire an attorney and provide financial disclosure. The father appeared on the adjourned date but failed to provide any financial disclosure. In an order dated June 26, 2013, the Support Magistrate directed the father to pay $426.70 per month in child support based on the needs of the child. In an order dated April 18, 2014, the Support Magistrate denied the father's motion for a downward modification of his child support obligation. In an order dated November 25, 2016, the Support Magistrate denied the father's motions to vacate the order dated June 26, 2013. The father appeals from an order of the Family Court dated April 3, 2017, which denied his objections to the Support Magistrate's orders dated June 26, 2013, April 18, 2014, and November 25, 2016. The father also appeals from an order of the Family Court dated July 12, 2017, which denied his objections to an order of the Support Magistrate dated May 1, 2017, which, after a hearing, denied the father's second motion for a downward modification of his child support obligation.
We agree with the Family Court's determination to deny, as untimely, the father's objection to the order dated June 26, 2013 (see Family Ct Act § 439[e]).
It is unclear whether the father's objections to the order dated April 18, 2014, were timely, as the record does not reflect whether he was ever served with the order. Nevertheless, on the merits, we agree with the Family Court's denial of his objections to that order. The Support Magistrate's findings that the father failed to establish that he was seeking employment commensurate with his qualifications and experience, or that his alleged medical conditions prevented him from doing so, are supported by the record (see Matter of Straker v Maynard-Straker, 133 AD3d 865; Matter of Rodriguez v Mendoza-Gonzalez, 96 AD3d 766, 767; Matter of Riendeau v Riendeau, 95 AD3d 891, 892; Matter of Shvetsoa v Paderno, 84 AD3d 1095, 1096).
We agree with the Family Court's denial of the father's objections to the order dated November 25, 2016, which denied his motions to vacate the order of support dated June 26, 2013. Contrary to the father's argument, the order of support was not entered on the father's default. We agree with the Support Magistrate's rejection of the father's contention that he was unable to understand the interpreter provided to him (see People v Rios, 57 AD3d 501, 502; People v Warcha, 17 AD3d 491, 493).
We agree with the Family Court's denial of the father's objections to the order dated May 1, 2017. The father failed to establish that his second motion for a downward modification of his child support obligation should have been granted (see Douglas v Douglas, 7 AD3d 481; Matter of McCarthy v McCarthy, 2 AD3d 735).
The father's remaining contentions are without merit.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court