Sklar v 650 Park Ave. Corp. (2023 NY Slip Op 03884)

Sklar v 650 Park Ave. Corp.

2023 NY Slip Op 03884

Decided on July 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 20, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 156928/16 Appeal No. 431-432 Case No. 2022-04262, 2022-04287 

[*1]Marc Sklar et al., Plaintiffs-Appellants,
v
650 Park Avenue Corporation et al., Defendants-Respondents. 

Mark L. Lubelsky and Associates, New York (Thomas J. Sottile of counsel), for appellants.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 24, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' claims for negligent trespass and negligent hiring and supervision, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 21, 2022, which denied plaintiffs' motion for summary judgment and for spoliation sanctions, unanimously dismissed, without costs.
The court correctly granted defendants summary judgment dismissing the cause of action for negligent trespass because plaintiffs' theory of liability is that defendants deprived them of, rather than interfered with, their possession of the storage locker's contents (see Sporn v MCA Records, 58 NY2d 482, 487 [1983]). The negligent hiring and supervision causes of action were also properly dismissed because plaintiffs submitted no evidence showing that defendant co-op's superintendent had a propensity to dispose of tenants' property without informing them (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 472 [1st Dept 2020]). We decline defendants' invitation to search the record and grant them summary judgment on plaintiffs' remaining claims.
Plaintiffs' appeal from the order entered March 21, 2022, which denied their motion for summary judgment and for spoliation sanctions on procedural grounds, is dismissed, in light of Supreme Court's subsequent order granting plaintiffs leave to reargue that motion, and, upon reargument, denying the motion on the merits. Ordinarily, plaintiffs would be permitted to maintain their appeal and challenge the subsequent order (see CPLR 5517[a][1], [b]; 5701[a][2][viii]). However, here, the record on appeal, which was plaintiffs' obligation to compile, does not permit meaningful review of that order because it does not include the order or the corresponding motion papers (see CPLR 5526; Matter of Anthony S. v Monique T.B., 148 AD3d 596, 597-598 [1st Dept 2017]; UBS Sec. LLC v Red Zone LLC, 77 AD3d 575, 579 [1st Dept 2010], lv denied 17 NY3d 706 [2011]).
Further, we note that plaintiffs failed to demonstrate that the video footage at issue is relevant because defendants admitted that they caused the removal and disposal of plaintiffs' possessions. Thus, defendants' spoliation of the footage did not warrant sanctions (see CPLR 3126 [authorizing discovery sanctions]; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 20, 2023